GRIMES v. LINSCOTT et al.

No. 15,780; May 24, 1895.

40 Pac. 421.

**Injunction.**—A Bill to Restrain Public Officers from Filling up a ditch along the side of a road, which fails to show whether the road is public or private, whether the ditch or watercourse is artificial or natural, or occupied a part of the road or was outside of it, is insufficient.

APPEAL from Superior Court, Santa Cruz County; J. H. Logan, Judge.

Action by Michael Grimes against James A. Linscott and others for an injunction. From a judgment for defendants, plaintiff appeals. Affirmed.

Julius Lee for appellant; Carl E. Lindsey for respondents.

BELCHER, C.—This action was brought to obtain an injunction restraining the defendants, who were the supervisors of Santa Cruz county, from filling up, or causing to be filled up, a ditch or watercourse along the side of the Carlton road, in that county. It is alleged in the complaint that the plaintiff is the owner of a tract of land bounded on the northeasterly side by the "Carlton Road," so called, and that along the southerly side of a portion of said road, which bounds plaintiff's land, there is, and has been for more than twenty years, a ditch or watercourse, through which a stream of water has been accustomed to flow in an easterly direction to a natural stream called the "Casserly creek," and thence down said creek to the Pajaro river; that the defendants, acting as the board of supervisors for said county, at their regular meeting on the seventh day of June, 1893, passed and caused to be entered in their minutes an order that said ditch or watercourse be filled up to a level with the roadbed of said road, so as to completely stop and prevent the water from flowing therein and passing off as it had been accustomed to do, and that defendants, unless restrained from so doing, will proceed to fill up said ditch or watercourse, pursuant to said order; that the necessary and inevitable consequence and

effect of such filling up will and must be to cause the water which otherwise would flow in said ditch or watercourse to be diverted to and upon the lands of plaintiff, and to overflow, spread out and stand upon the same, which, but for such filling up, it would not do, to his great, constant, continuing, increasing, and irreparable damage and injury; and that the sole and only purpose and object of said defendants in so filling up said ditch or watercourse is, confessedly, to divert the waters therefrom, and to cause them to flow upon plaintiff's land, and not because such filling up is necessary, or deemed to be necessary, for the proper protection or repairing of said road. A general and special demurrer to the complaint was interposed and sustained. Plaintiff declined to amend, and thereupon judgment was entered that he take nothing by his action, from which he appeals.

The only question is as to the sufficiency of the complaint. We think the demurrer was properly sustained upon the ground of ambiguity and uncertainty. Assuming that the complaint was sufficient in other respects, still it cannot be ascertained therefrom whether the Carlton road was a public or private road, nor whether the ditch or watercourse was an artificial or natural watercourse, nor whether it occupied a part of the road or was outside of its limits. But pleadings are to be construed most strongly against the pleader, and, so construing the complaint, it must be held that the road was a public highway, and the ditch was an artificial watercourse, constructed upon and within the limits of the road. If such were the facts, the plaintiff had acquired and could acquire no right by prescription to have the ditch maintained, and the defendants, as the board of supervisors, had a right to order it filled up, and to cause the work ordered to be done. The reasons which prompted such action cannot be inquired into in this proceeding. The judgment should be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.