## SILVA v. SPANGLER.

### S. F. No. 104; February 7, 1896.

#### 43 Pac. 617.

Nuisance—Abatement—Pleading.—Under Code of Civil Procedure, section 430, the failure of a complaint, in an action to abate an embankment, to allege any damage to plaintiff different or peculiar from that resulting to the common public, is not a ground of demurrer, though, in a proper case, the objection may be urged, under a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

Pleading—Waiver of Objections to Complaint.—Under Code of Civil Procedure, section 434, providing that if objections to a complaint are not taken, either by demurrer or answer, the defendant must be deemed to have waived the same (with certain exceptions), the objection that a complaint is ambiguous or uncertain, that being a specific ground of demurrer, is waived, if not raised by demurrer.

Right of Way—Grant or Dedication.—The fact that a strip of land, over which a private right of way had been granted by the owner to two other land owners, to enable them to reach a highway from their land, is used, without objection, by others, going to and from their own lands, or the places of the two grantees, does not establish a dedication to the public.

Nuisance.—In an Action to Abate an Embankment, thereby throwing surface water over plaintiff's right of way, where there is no allegation that the right of way was a public one, it is unnecessary to allege any special injury differing from that resulting to the public.

APPEAL from Superior Court, Santa Clara County; John Reynolds, Judge.

Action by Emanuel P. Silva against Antonia Spangler. Decree for plaintiff and defendant appeals. Affirmed.

Wm. L. Gill for appellant; C. L. Witten and Jackson Hatch for respondent.

SEARLS, C.—This action is brought to abate an embankment constructed by defendant, whereby the surface water is alleged to be prevented from flowing from and over a private right of way owned and possessed by him, the said plaintiff, and to enjoin defendant from maintaining such embankment. Plaintiff had a decree as prayed for, and this appeal is from the judgment, and from an order denying defendant's motion for a new trial. The amended complaint of plaintiff was demurred to, upon two grounds, viz., "that said amended complaint does not state facts sufficient to constitute a cause of action," and upon the further ground "that plaintiff does not allege any damage different or peculiar than that resulting to the common public." The last cause of demurrer assigned is not one for which a demurrer can be properly interposed, under section 430 of the Code of Civil Procedure. The same cause may, however, be urged, in a proper case, under the objection that the "complaint does not state facts sufficient to constitute a cause of action." The contention of appellant seems to be based upon the theory that the amended complaint contains no allegation that the roadway in question is a private road, and that the complaint does not state in any allegation whether the road in question is a private or public road. In support of the last proposition we are referred to the case of Grimes v. Linscott (not officially reported; decided May 24, 1895), ante, p. 38, 40 Pac. 421. In that case, there was a demurrer interposed, upon the ground of ambiguity and uncertainty, which was sustained. By failure to raise this objection by demurrer in the present case, it was, under section 434, waived. We are unable to agree with appellant in his

deduction of facts from the amended complaint. Succinctly stated, the amended complaint avers that plaintiff and one J. P. Silva are now, and since October 27, 1884, have been, the owners and in the possession and enjoyment of a private right of way, for road purposes, over and along a tract of land, which is described by courses and distances and by metes and bounds, being thirty feet in width, and which was conveyed to them by Henry Curtner, by deed dated October 27, 1884, etc.; that plaintiff is the owner of a tract of land, containing fifty-three acres (describing it), used by him for farming purposes, and that his only means of egress and ingress thereto, and the only means of reaching any public highway therefrom, is by said private right of way described in the first paragraph of the complaint. Then follow allegations as to the ownership by defendant of forty acres of land south of and adjoining the strip of land of plaintiff, thirty feet wide, as aforesaid; that the land on the north of said roadway is higher, etc., and the land of the defendant is lower, than the roadway; and that, down the slope to and over the roadway, and over the land of defendant, the surface water, which in the rainy reason is in large volume, has been accustomed to flow, etc.; that defendant constructed an embankment upon said roadway, and upon his own land adjoining, whereby the surface water was prevented from flowing down, and was penned back on the roadway, rendering it unfit for travel, and destroying all connection by roadway from plaintiff's land to any county or public road, etc. The further allegations in relation to injury, etc., need not be stated. In all the complaint, we fail to find any intimation that the strip of land, and the private right of way thereon, is a public highway, or that the public has any easement or right therein or thereto. The complaint states a cause of action, and the demurrer was properly overruled.

2. It is further objected by appellant that the evidence is insufficient to justify or support either the first or ninth findings of fact. These findings are to the effect that the strip of land thirty feet in width was a private right of way for road purposes, held, possessed and enjoyed by the plaintiff and J. P. Silva, as tenants in common, and that the said roadway so obstructed by defendant was at all times, "and is, a private right of way, and is not a public road or highway, and never has been." The evidence tended to show that in Octo-

ber, 1874, one Henry Curtner, owner of a larger parcel of land, conveyed to plaintiff and his brother, J. P. Silva, a parcel thereof, consisting of one hundred and thirteen and fifty-seven hundredths acres, and also a strip of land thirty feet wide as a right of way, for the purposes of a road extending from the land so conveyed to a public road or highway, which strip of land is accurately described by courses and distances. Plaintiff has succeeded by mesne conveyances to the ownership of the fifty-three acres of land described in his complaint. In 1887 defendant purchased from said Henry Curtner a tract of, say, forty acres of land, which is described as "commencing at a point in the southerly line of road, known as the 'Silva Road,'" and running thence along the southerly line of said road, etc., and as being bounded "on the north by said Silva road," etc. Henry Curtner, the former owner, testified as to his sale of the right of way to plaintiff and J. P. Silva, and said he had never conveyed this right of way to the county, or to any person other than the Silvas. He added: "It is, in fact, used by whoever chooses to pass over it, as every one does on private roads—go through them when they wish—generally pretty neighborly; . . . . we let anybody go through that wishes it; it is an open thoroughfare. I don't shut up my place against no neighbors; there are no gates on it." Question: "Been used by the general public for years past?" Answer: "No, not by the general public, but those who have business in there," etc. Various of the witnesses spoke of the road as a public road or public highway, but generally without stating facts in evidence thereof, except that certain gates thereon had been removed; that the road was fenced, and that parties who have purchased land from Curtner bordering on the road have used it, or portions of it, to get to their land. All this was consistent with the idea of a license from plaintiff, and left the question of a dedication of the way to public use open to further inquiry. "No route of travel used by one or more persons over another's land shall hereafter become a public road or highway by use, or until so declared by the board of supervisors, or by dedication by the owner of the land affected": Pol. Code, sec. 2621. There is no claim that this road was ever declared a highway by the board of supervisors. It only remains, then, to inquire, Did the owners thereof dedicate it to the public use? It is said that "if the donor's acts are such as indicate an intention to appropriate

the land to the public use, then, upon acceptance by the public, the dedication becomes complete'': Elliott on Roads and Streets, sec. 92. The question of intent is paramount, and, unless such intent expressly appears, or can be fairly inferred from the acts of the donor, there is no valid dedication: People v. County of Marin, 103 Cal. 224, 26 L. R. A. 659, 37 Pac. 203. Tested by this rule, the court was justified in finding that the way in question never became or was a public highway, and that it was and is a private way. The findings are ample to support the judgment. The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.