[No. 3,163.]

## G. R. MINOR v. CHARLES A. KIDDER.

ELECTION CONTEST—ALLEGATION BY CONTESTANT THAT HE "IS" AN ELECTOR.—Under the statute of March 23d, 1850, providing for the contesting of elections of county officers (Stats. 1850, p. 101, Sec. 56), it is sufficient for the contestant to allege that he is, at the time he files the written statement of contest, a qualified elector of the county, without alleging that he was so at the time of the election.

STATEMENT OF CAUSE OF ELECTION CONTEST.—The degree of certainty required in a statement of the cause of contest in an election case is not the highest degree of certainty known in pleading, but only such as will suffice to inform the defendant of the particular proceeding or cause upon which the contest is founded. Such statement need not detail the particular means or measures resorted to for the purpose of accomplishing a miscount, but only the ultimate facts.

ELECTION CONTESTS OF PUBLIC CONCERN.—An election contest, being an investigation in which the public at large are deeply concerned, is not an ordinary adversary proceeding; for, as against the high public interest involved, there can be no recognized adversary.

AMENDMENTS OF STATEMENT OF CAUSE OF ELECTION CONTEST.—In a contested election case, if the statement of the cause of contest lack the clearness and distinctness of allegation desirable in judicial proceedings, it should not for that reason be peremptorily dismissed, but an opportunity afforded to amend.

APPEAL from the County Court of Solano County.

This was one of eight cases, similar in general character, which were submitted and considered together, and known as the "Solano County Election Cases." The contestant was the same in all. The defendants in the others were as follows:

No. 3,164—E. D. Perkins, declared elected County Treasurer.

No. 3,165—George C. McKinley, declared elected County Recorder.

No. 3,166—Joseph Hoyt, declared elected County Assessor.

No. 3,167—Hazen Hoyt, declared elected Public Administrator.

No. 3,168—W. H. Fry, declared elected ————.

No. 3,169—J. F. Wendell, declared elected District Attorney.

No. 3,170—Joseph Jacobs, declared elected ————.

The election took place on September 6th, 1871. There were substantially the same judicial proceedings in all the cases; and those last named were all decided in the same way as, and upon the authority of the decision of, this case.

The material facts are stated in the opinion.

Plaintiff appealed from the orders of the County Court dismissing the proceedings.

*G. A. Lamont* and *Creed Haymond,* for Contestants, contended that the statement of the cause of contest was sufficient in form and substance, citing Hitt. Gen. Laws, 2470 to 2490, and that, therefore, the action of the Court below in dismissing the proceedings was error.

*L. B. Mizner,* for Defendant.

The statement was insufficient in form and substance. (Hitt. Gen. Laws, 2475, 2476, 2477, and 2478.) It did not appear that contestant was an elector of the county at the time of the malconduct alleged; nor was the particular cause or causes of contest alleged with such certainty as would sufficiently advise the defendant of the particular proceedings for which his election was contested.

Again, it appears that the election of defendant was certified to by the Board of Election, canvassed by the Board of Supervisors, and a certificate of election issued to him, without any protest or opposition; nor was there ever any list of alleged illegal votes served upon him, as required by law. (Hitt. Gen. Laws, 2476.)

By the Court, WALLACE, C. J.:

This is an appeal taken from an order of the County Judge of the County of Solano, made at a special term of the Court appointed and held by him to determine a contest made against the right of the respondent Kidder to the office of County Clerk of that county. The order entered was one dismissing the proceedings.

The contest was made under the provisions of section two thousand four hundred and seventy, *et seq.* (Hitt. Gen. Laws) by Minor, who alleges in his written statement filed that he is a qualified elector of the County of Solano.

I. The respondent insists that the statement is insufficient in that, though stating that the contestant *is* a qualified elector of the county, it fails to state that he *was* such elector when the election contested was held. It is a sufficient answer, however, to this position, to say that the statute applicable to this case nowhere requires the contestant to allege anything further upon that point than that he *is*—at the time he files the written statement of contest—a qualified elector of the county. Had it required him to state at what point of time, with reference to the time at which the election was held, he became such elector, it would have then, of course, been incumbent upon him to have done so. But he has strictly complied with the requirement of the statute in his statement on that point.

II. It is next objected that the statement of contest was properly dismissed "for the reason that the particular cause or causes of contest were not alleged with such certainty as would sufficiently advise" the respondent Kidder, "of the particular proceedings" upon which his election was contested.

It is provided by the statute (Sec. 2477) that "no statement of the cause of contest shall be rejected, nor the proceedings thereon dismissed by any Court before which such

contest may be brought for trial for want of form, if the particular cause or causes of contest shall be alleged with such certainty as will sufficiently advise the defendant of the particular proceeding or cause for which (his) election is contested." ●Does the written statement here sufficiently advise the defendant of the particular cause for which his election is contested?

It is clear that the certainty of allegation required by the statute is not the highest degree of certainty known in pleading—not that certainty to a certain intent in particular exacted by the rule in averring matter not favored in law—such as an estoppel, alien enemy, etc. Such a degree of technical precision in averment if required would generally defeat the very investigation which it was the main purpose of the statute to invite, and would besides illy comport with the provision already cited expressly dispensing with mere form in pleading in such cases as this one. Certainty is required, it is true, but to no greater degree than will suffice to inform the defendant of the particular proceeding or cause upon which the contest is founded. The words used in the statement of contest are to be understood in their ordinary meaning—the purpose being merely to inform the understanding of the opposite party of the substance of the alleged fact or facts relied upon to defeat his claim. We proceed to inquire, therefore, whether, under this rule, the statement presented be substantially sufficient or insufficient upon that point.

It alleges that a general election for State and county officers was held in the County of Solano on the 6th day of September, 1871; that on the first Monday after the election the Board of Supervisors of the county met and canvassed the returns; that at that canvass the returns from each precinct of the county where polls had been opened were before, and were canvassed by, the Board; that A. H. Hawley and the respondent, Kidder, were the only persons voted for at said election as candidates for the office of County Clerk;

that the returns canvassed by the Board showed that the
respondent, Kidder, had received two thousand three hun-
dred and forty-six votes, and Hawley one thousand six
hundred and ninety-three votes, for that office; that the
returns from the First, Second, and Third Precincts of Val-
lejo Township showed that Kidder had received one thou-
sand four hundred and eighty-two votes, and Hawley five
hundred and seventy-nine votes, and that the count was so
made by the Board; that in point of fact, however, there
were cast for Kidder in these three precincts only one hun-
dred and thirty-two votes—*i. e.*, sixty-two votes at the First
Precinct, fifty at the Second, and twenty at the Third, while
there were cast at those three precincts five hundred and
seventy-nine legal votes for Hawley—*i. e.*, in the First Pre-
cinct, two hundred and forty-nine votes; in the Second, two
hundred and seventy-seven; and in the Third, fifty-three
votes.

The statement further sets forth that in the entire county
Kidder received only nine hundred and ninety-six votes
against one thousand six hundred and ninety-three cast for
Hawley for the office of County Clerk, and that Hawley was
thereby duly elected, but the Board, upon canvassing the
votes, declared Kidder to have been elected to the office.

The statement further sets forth that the Board of Judges
of the First Precinct of Vallejo Township counted and in-
cluded in the returns to the Board of Supervisors "*six hun-
dred and fifty more votes than there were ballots voted or received,
or votes cast or given at said election in said precinct;*" that
there was the like excess of six hundred and fifty votes in
the return from the Second Precinct, and an excess of fifty
votes from the Third, and that in the canvass by the Board
of Supervisors *these thirteen hundred and fifty votes*—which,
it is alleged, were never in fact thrown, and for which no

ballots were in fact voted or received at the polls—were returned by the Boards of Judges, and were canvassed and counted by the Board of Supervisors *as that many votes in favor of Kidder.*

It is easily to be seen from these averments that the majority which the canvass by the Board of Supervisors awarded to Kidder over Hawley was six hundred and thirty-three votes; whereas had that canvass excluded the one thousand three hundred and fifty votes improperly returned and counted for him from the First, Second, and Third Precincts of Vallejo Township, Hawley must have been declared elected by a majority of six hundred and ninety-seven votes. The particular cause of contest then is that Kidder's asserted majority of six hundred and thirty-three votes is produced by counting for him one thousand three hundred and fifty votes not one of which were cast in point of fact, and that these fictitious votes purported to have been thrown entirely in Vallejo Township—six hundred and fifty of them at the First Precinct, the like number at the Second, and the number of fifty at the Third. It can hardly be supposed that the respondent, Kidder, was not sufficiently advised, by these alleged facts and figures, of *the particular cause* for which his election was contested. But it is argued that the statement of contest should have detailed the particular means or measures resorted to for the purpose of accomplishing this miscount. Had it undertaken to do so, another and much more serious objection would doubtless have been started—*i. e.*, that it assumed to state the evidence by which the ultimate fact was to be established instead of alleging that fact.

It is clear that the misconduct here charged referred to the returns from these three precincts, which were transmitted to the Board of Canvassers. It is alleged that these returns did not accord with the facts, and that the difference was so great as to alter the general result of the election

for this office.    Those returns consisted of the duplicate poll
lists and tallies, and the certificate of the Board of Judges
annexed thereto, and transmitted to the Board of Super-
visors, stating the number of votes each of these persons
had received, and also the file of ballots—which ballots,
however, it should be observed, are not required to be
counted by the Board of Canvassers, unless upon the open-
ing of the returns some person appear and demand a recount
of the vote—in which case the canvass is to include the
recount of the ballots also.    (Sec. 2455.)    There does not
appear to have been any such demand for a recount in this
instance, and the canvass by the Board of Supervisors was,
of course, confined to an inspection of the duplicate poll
list, tally, and certificate of the Board of Judges, for these
practically constituted the entire return in the absence of a
demand for a recount of the ballots.    The statement of the
contestant, then, when considered by the light of the statute,
is that such a return was made—that is, that such a poll list,
tally list, and certificate were sent in by the Board of Judges
to the Board of Canvassers ; that it was made to appear
thereby that one thousand three hundred and fifty votes
had been received by Kidder more than had in fact been
thrown for him, and that number more than there were
ballots actually cast or given at those three precincts.    It is
for this excess, then, in the number of votes counted for
him by the Board of Judges in those precincts over the
number of votes actually thrown for him there that his
election is contested; for, if the excess be shown to have
occurred in those precincts, it is clear, upon the other alle-
gations contained in the statement as to the general vote for
this office in the county at large, that Kidder was not really
elected.    We are unable to discover in the statement of the
grounds of contest a lack of that degree of certainty required
by the statute in a proceeding of this nature.    It seems to
us that to have gone further (as it is claimed the contestant

should have done), and to have stated in detail by what particular agencies or means this incorrect result was brought about, would have been to have violated the established rule of pleading by entering into the field of the mere evidence to be adduced in the case. It would have been immaterial, and might have been seriously objectionable, to have alleged, for instance, that a mistake was made by the Board of Judges of the First Precinct in adding up the number of votes cast there; or that the tally list returned to the Board of Canvassers had been fraudulently altered by the addition of names of persons as voting, but who had not, in fact, voted there; or that in preparing the certificate annexed to, and made part of, the returns to the Board of Supervisors a particular mistake or designated fraud had intervened. It is obvious that if the contestant is held to this degree of detail of the grounds upon which he intends to rely, he may be compelled upon the same rule to go further, and allege even the particular times, places, and persons involved in the several transactions which he intends to show forth in evidence, and the motives, considerations, and purposes actuating the persons so engaged.

"The office of a complaint is to aver the material issuable facts which constitute the cause of action, and not the evidence to prove those facts." (*Racouillat* v. *Reni,* 32 Cal. 456, and cases there cited.)

We are of the opinion, therefore, that the statement of grounds of contest filed was sufficient in substance, and that it should not have been dismissed upon the objection of the respondent.

It is the wholesome purpose of the statute to invite inquiry into the conduct of popular elections. Its aim is to secure that fair expression of the popular will in the selection of public officers, without which we can scarcely hope to maintain the integrity of the political system under

which we live.  With this view it has provided the means
of contesting the claims of persons asserting themselves to
have been chosen to office by the people.  It has not
authorized every citizen or member of the body politic at
large to institute proceedings for that purpose, but has
limited the authority in that respect to those who are them-
selves electors, and it has required the statement of the
grounds of contest in every instance to be verified by the
oath of the contestant.  When such a statement is presented
by an elector to the tribunal whose duty it is to investigate
its merits, it should not be received in a spirit of captious-
ness, nor put aside upon mere technical objections designed
to defeat the very search after truth which the statute
intended to invite.

The investigation proposed is one in which the public at
large are deeply concerned.  It necessarily involves a ques-
tion of broader import than the mere individual claim of a
designated person to enjoy the honors and emoluments of
the particular office brought directly in contest.  The in-
quiry must be as to whether or not the popular will in the
selection of officers to administer the public affairs has
been, in a given instance, or is about to be, defeated or
thwarted by mistakes happened or fraud concocted.  It is,
therefore, not an ordinary adversary proceeding, for, as
against this high public interest concerned, there can be no
recognized adversary.

Even, therefore, if the statement of contest, as filed in the
first instance, lack the clearness and distinctness of allega-
tion always desirable in judicial proceedings, it should not
for that reason be peremptorily dismissed; but an oppor-
tunity to amend it should be afforded, and by this means
the controverted points may be developed for determination,
and the contest disposed of on its merits, if it have any.  It
is hardly necessary to add that in such cases, too, it may
become the duty of the Court, in the progress of the inves-

tigation, to protect the respondent from suffering a surprise; and should the line of proof adduced against him turn out to be one which he might not reasonably have anticipated or foreseen, and for which he is, therefore, unprepared, a reasonable opportunity should be always afforded him to meet the case on the merits. The public interests imperatively require that the ultimate determination of the contest should in every instance, if possible, reach the very right of the case.

Judgment reversed, and cause remanded for further proceedings.

Mr. Justice RHODES did not participate in the foregoing decision.