[S. F. No. 3706.   In Bank.—June 8, 1904.]

## J. P. ABBOTT, Respondent, v. A. C. HARTLEY, Appellant.

ELECTION CONTEST—SUFFICIENCY OF STATEMENT — UNCERTAINTY—MO-
TION TO DISMISS.—The statement of the grounds of contest of an
election should not be dismissed for uncertainty where there was
sufficient in the grounds of contest to apprise the contestee of the
nature of the cause for which the election was contested.   The cer-
tainty of allegation required by the statute in such cases is not
the highest degree of certainty known in pleading.

ID.—GROUND OF SPECIAL DEMURRER—CANDIDATES FOR JUSTICE OF THE
PEACE—JUDGMENT CURING DEFECT.—The failure of the statement
to aver that the contestant and contestee were the only candidates
for the office of justice of the peace in question was only ground
for special demurrer, which was cured by the judgment for the con-
testant against the contestee declaring that "no other person re-
ceived any votes for said office at said election in said township."

ID.—VOTE OF PRECINCTS NOT INVALIDATED BY CONDUCT OF OFFICERS.—
Where the trial court found upon sufficient evidence that there was
no malconduct on the part of the officers of election in certain pre-
cincts which in any way injured the contestee or prevented a full
and fair expression of the will of the qualified electors of the pre-
cinct, or diminished the number of legal votes that the contestee
would otherwise have received, any mere irregularities on the part
of the officers cannot prevent the count of the vote of such precincts
as against the contestee.

APPEAL from a judgment of the Superior Court of Con-
tra Costa County.   William S. Wells, Judge.

The facts are stated in the opinion of the court.

William M. Cannon, and R. H. Latimer, for Appellant.

W. S. Tinning, for Respondent.

HENSHAW, J.—This is an election contest over the office
of justice of the peace of the eighth judicial township of the
county of Contra Costa.   By the official returns it appeared
that the appellant, A. C. Hartley, had received a plurality
of thirty-three votes, and on a recount of the ballots the
court found and declared the contestant elected by a plurality
of five votes.

The complaint charged that the contestant had received a higher and greater number of votes for the office than had the contestee Hartley, "but that notwithstanding thereof, through and by the carelessness, negligence, and malconduct of the boards of judges of each and every of the said four election precincts comprising said eighth judicial township and of the clerks thereof, in canvassing and counting the votes given at said election, . . . it was erroneously and wrongfully made to appear from said returns that said A. C. Hartley had received the highest number of votes." Upon this allegation appellant contends that his motion to dismiss the contest should have been granted, because the grounds of contest were not alleged with sufficient certainty to advise the defendant of the particular proceeding or cause for which the election was contested. Section 1115 of the Code of Civil Procedure provides that the particular grounds of such contest must be specified. But in this connection section 1117 declares that no statement of the grounds of contest will be rejected, nor the proceedings dismissed by any court, for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which the election was contested. The certainty of allegation required by the statute in these cases is not, and from the nature of the action could not reasonably be expected to be, the highest degree of certainty known in pleading. (*Minor* v. *Kidder,* 43 Cal. 229.) There was sufficient in the grounds of contest here set forth to apprise the contestee of the nature of the attack which was made, and the proof was the usual proof in such cases—an inspection of the ballots and objections to certain of them as containing distinguishing marks. There was nothing in this line of proof that was not in strict accord with the allegations of the contestant—nothing that the contestee could not have anticipated and foreseen; and even if such had been the case, upon his application, time would have been granted him to meet the case upon the merits. (*Minor* v. *Kidder,* 43 Cal. 229.) The motion to dismiss was properly denied.

It is further asserted that the judgment is erroneous in declaring the contestant elected, because the statement of contest did not allege that Abbott and Hartley were the only candidates for the office in question, and for the further

reason that in the grounds of contest it is alleged only that Abbott received a higher number of votes than Hartley, but it is not alleged that Abbott received the highest number of votes. But however faulty the statement of contest may have been in this particular, it was, at the most, but subject to special demurrer, and the judgment of the court cures this irregularity, since it in terms declares "no other person received any votes for said office at said election in said township."

The appellant further insists that by reason of irregularities and misconduct of the election boards in certain precincts the court should have refused to count the ballots from those precincts. But in this regard the trial court found that there was no malconduct on the part of the boards of judges whereby contestee was injured in his candidacy in any way, no misconduct which in any way prevented a full and fair expression of the will of the qualified electors of the precinct, or that diminished the number of legal votes that the contestee would otherwise have received. These findings draw support from the evidence, and the misconduct of the officers was not such as to vitiate the election, but rather was such as was considered in the cases of *Whipley* v. *McKune,* 12 Cal. 352; *Sprague* v. *Norway,* 31 Cal. 173; *Hayes* v. *Kirkwood,* 136 Cal. 400, and *Kenworthy* v. *Mast,* 141 Cal. 268, in which cases it was held that the specific irregularities did not vitiate the election. This is in accordance with section 1112 of the Code of Civil Procedure, declaring that no irregularity or improper conduct in the proceedings of the judges, or any of them, is such malconduct as avoids an election, unless the irregularity or improper conduct is such as to procure the person whose right to the office is contested to be declared elected, when he had not received the highest number of legal votes.

This court has made its independent examination of the original ballots, reviewing the rulings of the trial court in admitting and rejecting certain of them. As to some ballots, it must be true in every case that the question is a close one as to whether or not they should or should not be rejected as bearing distinguishing marks. All that can be said in this regard is that the trial judge should, so far as possible, observe uniformity in his rulings, and reject or admit all of a class; that is to say, all bearing alleged distinguishing marks

identical in character. In the case at bar the trial judge did this with much particularity. And, indeed, the result under our recount would indicate that if he erred at all it was in allowing greater latitude to the contestee than to the contestant in the matter of marked ballots. The result of our recount, therefore, in no way changes that reached by the trial court.

The judgment appealed from is therefore affirmed.

Shaw, J., Angellotti, J., Lorigan, J., and McFarland, J., concurred.