[S. F. No. 4094. In Bank.—June 17, 1905.]

H. W. HUTTON, Petitioner, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CONTEMPT OUT OF PRESENCE OF COURT—INSUFFICIENT AFFIDAVIT—VOID JUDGMENT—CERTIORARI.—Where a contempt is committed out of the presence of the court the affidavit, upon which a judgment of punishment therefor is based, must show upon its face a case of contempt. If the affidavit is insufficient, regardless of what may be shown or found at the hearing, the judgment is void, and will be annulled upon *certiorari.*

ID.—INTENT TO COMMIT FORBIDDEN ACT NOT ALLEGED.—QUASI-CRIMINAL PROCEEDING.—Contempt proceedings are quasi-criminal in their nature, and an intent to commit a forbidden act is as essential to guilt as in the case of a charge of a criminal offense; and the absence of any such allegation in the affidavit renders it fatally defective and the subsequent proceedings absolutely void.

ID.—VIOLATION OF INJUNCTION NOT SHOWN—ARREST.—An injunction restraining the police force from picketing and blockading a restau-

rant and intimidating persons patronizing the same cannot be construed as decreeing immunity from arrest of all patrons thereof; and where the affidavit does not allege that the arrest of a woman patronizing the restaurant was made because she was a patron thereof, or for the purpose of keeping her away therefrom, it does not show a violation of the injunction.

ID.—MISBEHAVIOR IN OFFICE NOT INVOLVED.—Where the affidavit against a police commissioner who ordered such arrest does not show any willful disobedience of any judgment, order, or process of the court, subdivision 3 of section 1209 of the Code of Civil Procedure, making misbehavior in office a contempt of court, has no application to the facts of the case. The misbehavior in office, to constitute a contempt of court, must be in respect to such court or some proceeding therein. The mere malicious taking part in an arrest not authorized by the facts, if not disobedient to any judgment, would not be a contempt of the authority of any court.

CERTIORARI to revise proceedings upon judgment of the Superior Court of the City and County of San Francisco punishing petitioner for contempt. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Davis Louderback, for Petitioner.

George D. Collins, for Respondents.

ANGELLOTTI, J.—*Certiorari* to review certain proceedings culminating in a judgment adjudging petitioner guilty of contempt of court, and requiring him to pay a fine of one hundred dollars.

The contempt charged was the alleged willful violation by petitioner of the terms of a certain decree given in an action brought by one Jean Pon v. George W. Wittman, chief of police of the city and county of San Francisco et al., to which petitioner was not a party, whereby said Wittman, chief of police, and James T. Donovan, a sergeant of police, and "all police officers of the said city and county, . . . and all other persons acting under their direction or control," were perpetually restrained "from in any manner whatever entering into or upon and from in any manner whatever interfering with or infringing upon the quiet and peaceable possession and enjoyment by the said plaintiff Jean Pon of the premises No. 1129 Dupont Street, in the said city and county of San Francisco, and from in any manner not authorized by law

interfering with or intimidating or preventing any person or persons from patronizing the restaurant business or the cigar business of said plaintiff, Jean Pon, situate upon the said premises; and from in any manner whatever impairing or injuring either the said restaurant business or the said cigar business of the said plaintiff Jean Pon; and from in any manner whatever picketing or blockading the said premises No. 1129 Dupont Street, in the said city and county of San Francisco, either by means of police officers or otherwise or at all.''

A copy of this injunction had been served upon petitioner prior to the date upon which the acts constituting the alleged contempt were committed.

Several points are made against the validity of the contempt proceedings, but it will be necessary to notice only one.

The acts constituting the alleged contempt were committed without the presence of the court. The only affidavit presented as the basis of the contempt proceedings was that of Jean Pon. Such affidavit, so far as it attempted to allege any specific acts on the part of the petitioner in violation of the injunction, was as follows, viz.: ''That . . . with full knowledge and notice of the said injunction, and of the contents thereof, the said H. W. Hutton directed and commanded two police officers of the said city and county of San Francisco, to wit: one George F. Barry and one C. E. Fennell to arrest and imprison and they did accordingly arrest and imprison one Mary Duran who was then and there a customer of the said restaurant business of the said plaintiff Jean Pon, and who then and there was proceeding on her way home after patronizing the said restaurant. That notwithstanding said facts the said police officers . . . acting under and pursuant to the said direction and the said order of the said H. W. Hutton, did as aforesaid arrest the said Mary Duran and did thereby intimidate and prevent her from thereafter patronizing the said restaurant business of the said plaintiff Jean Pon. That the said acts on the part of the said H. W. Hutton did impair and injure the said restaurant business of the said plaintiff Jean Pon, to wit: this affiant. . . . That in respect to the said arrest of the said Mary Duran, the same was made without cause and without a warrant, writ or process of any court or judge and was not made or had for any offense or

crime committed within the view or presence of the said Hutton or the said Fennell, and was not made or had for treason, felony or breach of the peace nor for any other crime or offense whatever; but the said arrest was made maliciously and without reasonable or probable cause. . . . That by reason of the said arrest and imprisonment of the said Mary Duran she was thereby intimidated and prevented by the said H. W. Hutton from thereafter patronizing the said restaurant of the said plaintiff Jean Pon, situate upon the said premises No. 1129 Dupont Street. . . . That the said arrest was made without authority of law and against the will and without the consent of affiant or of the said Mary Duran."

Other allegations which were inserted merely as the deponent's conclusions from the specific facts alleged are immaterial.

We are satisfied that this affidavit does not state facts constituting a violation of the injunction, and, therefore, does not state facts constituting a contempt of court.

It is well settled that where the contempt is committed without the presence of the court, the affidavit of facts forming the basis of judicial action must show upon its face a case of contempt; and if it does not, the court is wanting in jurisdiction, and the order of contempt is void and will be annulled on *certiorari.* (*Overend* v. *Superior Court,* 131 Cal. 280, 286, 63 Pac. 372; *Rogers* v. *Superior Court,* 145 Cal. 88, 78 Pac. 344.) In such a case, it is immaterial what may be shown to the court upon the hearing, or specified and found by the court in its decree adjudging the accused guilty of contempt. The proceedings are void *ab initio.* The affidavit or affidavits upon which the contempt proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting a contempt, the court is without jurisdiction to proceed.

If it be assumed, purely for the purposes of this case, that if petitioner had known that the Mary Duran mentioned in the affidavit was, at the time of her arrest, on her way home after patronizing the restaurant of Jean Pon, his procuring her arrest would have been such an interference with the business of said Jean Pon as to constitute a violation of the terms of the injunction, it still remains that there is not the slightest intimation contained in the affidavit, to the effect

that petitioner had any knowledge that said Mary Duran was a patron of said Jean Pon, had ever been in his restaurant, or had ever been in the place known as No. 1129 Dupont Street, or that he had any knowledge of facts reasonably tending to show such a situation of affairs. Some such knowledge on the part of petitioner was absolutely essential to a willful violation of the injunction in the respects specified in the affidavit. If petitioner was instrumental in procuring the arrest of the woman without a warrant, acting maliciously and without probable cause, he might be liable in some way in some other proceeding, but he could not be guilty of a violation of the terms of the injunction, unless he knew or had reason to know that the woman had come from the premises occupied by said Jean Pon, or was a patron of said premises, for unless he knew this, he could not know that his acts could in any degree interfere with the business of said Jean Pon.

Contempt proceedings are quasi-criminal in their nature, and an intent to commit a forbidden act is as essential to guilt as in the case of a charge of a criminal offense.

The absence of any allegation in this behalf renders the affidavit fatally defective, and the subsequent proceedings absolutely void.

We do not desire to be understood as deciding that the affidavit in other respects states facts sufficient to show a violation of the injunction. There is no allegation to the effect that the arrest of the woman was made because she was a patron of the business of Jean Pon, or for the purpose of keeping her away from the premises of said Jean Pon. However broadly the injunction may be construed, it cannot be construed as decreeing immunity from arrest to all patrons of Jean Pon, simply because they were such patrons, and their arrest might deprive Jean Pon of their patronage. The injunction, at most, was intended to prevent the commission of the specific acts named in the decree, such as picketing and blockading, and such other acts as might be committed for the purpose of preventing persons from patronizing the premises occupied by Jean Pon. If the affidavit contained allegations showing such an arrest, a different case might have been presented.

Questions as to the proper construction of this injunction decree and the correctness of the action of the superior court

in granting the same are involved in an appeal therefrom now pending herein, and will not here be further discussed.

It was alleged in the affidavit of Jean Pon, that the petitioner was, at the time of the commission of the alleged acts, a police commissioner of the city and county of San Francisco, and the superior court found that by reason of directing the arrest of Mary Duran under the circumstances set forth in such affidavit, he was, in addition to being guilty of contempt because of disobedience of a lawful judgment, etc., guilty of misbehavior in office, constituting a contempt of court under the provisions of subdivision 3 of section 1209 of the Code of Civil Procedure. That section, in specifying what acts or omissions, "in respect to a court of justice or proceedings therein," are contempts, "of the authority of the court," specifies in subdivision 3, "Misbehavior in office, or other willful neglect or violation of duty by an attorney, counsel, clerk, sheriff, coroner, or other person, appointed or elected to perform a judicial or ministerial service."

There being no sufficient allegation showing willful disobedience of any judgment, order, or process of the court, the subdivision quoted above has no application to the facts of this case. It is not every misbehavior in office by any of the officers specified therein that constitutes a contempt of the authority of a court. The misbehavior by such an officer, to constitute a contempt of the court, must be "in respect to" such court, or some proceeding therein. Eliminating the element of disobedience to the judgment, the alleged misbehavior was, at most, simply the malicious taking part in an arrest that was unauthorized by the facts. This would not be a contempt of the authority of any court.

The proceedings and judgment of contempt against petitioner are annulled.

Lorigan, J., Shaw, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.