[Civ. No. 1666. Second Appellate District.—October 13, 1914.]

## I. L. MILLER et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF KERN et al., Respondents.

PRIMARY ELECTION LAW—CONTEST TO NOMINATIONS—TIME FOR FILING—WHEN COMMENCES.—The five days' time provided by the primary election law of 1913 (Stats. 1913, p. 1379) for filing of contests to nominations of candidates for office does not begin to run until the board of supervisors has declared the result of the canvass of the returns, and contests filed on the fifth day after the supervisors have declared the result of the canvass of the returns are filed within due time.

ID.—AFFIDAVIT OF CONTESTANT—BASIS OF CONTEST.—The affidavit of the candidate, provided for by section 28 of said act, is the basis of the contest in which the ballots may be recounted before the superior court.

ID.—CANVASS OF RETURNS—DELAY OF SUPERVISORS—RIGHTS OF CANDIDATES.—The portion of the primary election law relating to the canvass of returns contemplates prompt action in order that the names of the persons nominated may be known in due time, so that they may be placed upon the ballot for the November election, and careful compliance with the provisions of the law as to the time within which the several acts shall be done is necessary; but this does not compel a construction of the statute, which, in some instances of neglect or misconduct, would make it impossible to ascertain the candidates between whom the choice must be made at the final election. If, by reason of neglect or misconduct, it should appear, after the expiration of the time named in the statute, that the board of supervisors would not declare the result of the canvass, any elector within the county or district might institute appropriate proceedings to compel action by these officers.

ID.—CONTEST TO NOMINATIONS—VOTERS NOT ON REGISTER—ABSENCE OF ORIGINAL AFFIDAVITS OF REGISTRATION—COURT POWERLESS TO RE-

CEIVE EVIDENCE OF.—The refusal of the election officers in a primary election to receive the votes of electors whose names did not appear upon the register, and whose original affidavits or duplicates thereof were not at the time in the office of the county clerk, where they were required by law to be, which voters, the affidavit of contest alleges, registered in accordance with law, and would have voted for the contestants, if permitted to cast their ballots, is not a proper ground of contest, and the superior court in a contest to nominations is without right or jurisdiction to receive offered evidence of such facts.

CONTEST SPECIAL PROCEEDING—JUDGMENT NONAPPEALABLE—ILLEGAL GROUNDS OF CONTEST—WHEN PROHIBITION LIES.—Ordinarily the acceptance of such testimony and the use of it by the court in determining the contest would be merely an appealable error, committed by the court in the exercise of its jurisdiction and not in excess of such jurisdiction; but since the contest provided for in section 28 of the primary election law of 1913 is a special proceeding, concerning which it is provided that "such a decision or judgment of the court shall be final in every respect and no appeal can be taken therefrom," it follows that there would be no adequate remedy at law if the superior court, assuming jurisdiction of an alleged contest, should attempt to hear and determine said contest upon allegations which do not legally constitute a ground of contest, and a judgment based upon such alleged fact would be in excess of the jurisdiction of the court and constitutes a proper subject for a writ of prohibition.

APPLICATION for a Writ of Prohibition, originally brought in the District Court of Appeal of the Second Appellate District, to prohibit the Superior Court of Kern County from considering certain grounds of contest on a contest to nominations to the office of County Clerk and County Treasurer.

The facts are stated in the opinion of the court.

E. J. Emmons, J. R. Dorsey, Matthew S. Platz, and George E. Whitaker, for Petitioners.

E. L. Foster, and E. F. Britton, for Respondents.

THE COURT.—The petitioners were candidates at the August primary election of 1914 for nomination as candidates for the offices of county clerk and county treasurer, respectively, of the county of Kern. The board of supervisors of that county, having completed its canvass, has declared that

petitioners have, respectively, received the highest number of votes cast for said offices. Contests are now pending in the superior court of said county, one against the nomination of petitioner I. L. Miller for the office of county clerk, and the other against petitioner Jerry Shields for the office of county treasurer. These contests, having been consolidated for the purposes of trial, are now being tried in said court.

No alternative writ has been issued, but the petitioners and the respondents are before the court at the time of application for the writ, and by stipulation the court will make its order upon the record before it as upon a return to an alternative writ. The record produced consists of the petition for the writ and a transcript of certain evidence that has been taken in the hearing of said contests in the superior court.

On account of the urgency for immediate disposition of the matter, the court on October 8, 1914, in open court, made its order as herein stated. It appears that the actual canvassing of the primary election returns, other than the order of the board of supervisors declaring the result of the canvass, all occurred prior to the eighteenth day of September, 1914, and that the order of said board declaring the result of the canvass was made and entered on the eighteenth day of September. The affidavits of contest were not filed until the twenty-third day of September.

It further appears that in said affidavits of contest it was alleged by each contestant that a large number of alleged voters within various precincts in the county of Kern were not permitted to vote and could not vote, because their names were not upon the register; neither were the original affidavits of registration or duplicates thereof at the time in the office of the county clerk of Kern County, where they are required by law to be; and that a large number of voters who had registered in accordance with law had a right to vote in their several precincts, but were denied the right to vote for the reasons above stated, and that said voters intended to and would have voted for the contestants if they had been permitted to cast their ballots in their respective precincts. It is further shown by petitioners that the superior court in the trial of said contests will permit said alleged disfranchised voters to testify that they registered as electors of said precincts according to law, notwithstanding the fact that their names were "not upon the Great Register" of the county, and

25 Cal. App.—39

that they would have voted for the contestants if they had been permitted to cast their ballots. It appears that the offer of such evidence having been objected to by the petitioners, the objections have been overruled and the court, unless prohibited from so doing, will hear said evidence and admit the same on the hearing of said contests.

Petitioners insist that upon the facts shown the contests were not filed within the time provided by the primary election law and that the court is without jursidiction to hear the same. It is further contended by petitioners that the superior court is without jurisdiction to consider said contests in so far as they are based upon said alleged facts with regard to electors whose names are not upon the register and who were not permitted to vote.

The court is of the opinion that the five days' time provided by the primary election law for the filing of contests did not begin to run until the board of supervisors had declared the result of the canvass of the returns; that is to say, not until the eighteenth day of September, 1914; and that the contests having been filed on the fifth day thereafter were filed within due time. Section 22 of the primary election law (Stats. 1913, p. 1379), provides that the board of supervisors shall meet at a specified time to canvass the returns. "When begun the canvass shall be continued until completed, which shall not be later than six o'clock in the afternoon of the sixteenth day following such primary election. The clerk of the board must, as soon as the result is declared, enter upon the records of such board a statement of such result," etc. Section 28 of the same act provides that any candidate at a primary election desiring to contest the nomination of another candidate for the same office "may, within five days after the completion of the final canvass, file an affidavit," etc. This affidavit is the basis of a contest in which the ballots may be recounted before the superior court. September 10, 1914, was the sixteenth day following the August primary election, and petitioners contend: 1. That for the purpose of fixing the time within which a contest may be instituted it must be conclusively presumed that the canvass was completed not later than September 10th at six o'clock in the afternoon; and, 2. That at all events the formal declaration of the result is not a part of the canvass. As part of the first contention petitioners' counsel insist that after the sixteenth day the

board of supervisors was without jurisdiction to do any further acts in connection with the canvass of the returns of said election.

The portions of the law to which we have referred contemplate prompt action in order that the names of the persons nominated may be known in due time so that they may be placed upon the ballot for the November election, and a careful compliance with the provisions of the law as to the time within which the several acts should be done is necessary. But this does not compel us to adopt a construction of the statute which in some instances of neglect or misconduct would make it impossible to ascertain the candidates between whom the choice must be made at the final election. If by reason of neglect or misconduct it should appear, after the expiration of the time named in the statute, that the board of supervisors would not declare the result of the canvass, any elector within the county or district might institute appropriate proceedings to compel action by these officers. The courts are open for such purposes and are expected to dispose of such matters with such promptness as will meet the emergency. Until the board of supervisors has declared the result of the canvass no one is in a position to know whether a contest is necessary to protect any interest that he may have in the result. The preliminary examinations of the returns and computations made thereon are merely the evidence upon which the declaration of the result is made to depend. This declaration bears the same relation to the previous proceedings as the findings and judgment bear to the previous record in an action at law. It is, therefore, our opinion that the words above quoted from section 28, limiting the time for initiating a contest to five days "after the completion of the final canvass," refer to a period of five days after the declaration of the result.

The court is further of opinion that the refusal of the election officers to receive the votes of said electors who were not permitted to vote is not a proper ground of contest and that the superior court is without right or jurisdiction to receive said offered evidence, or to consider the same as a ground of contest. In contests of this character the question is which candidate received the highest number of legal votes, and not which candidate would have received the highest number if every person claiming the right to a vote had been permitted

to do so. It is unfortunate if some electors who made their affidavits of registration in due time before the proper officer were deprived of their right through failure of that officer to preserve those affidavits or any legal evidence of the right of these electors to vote at the election. But a greater evil to the public would follow from the contrary rule. We cannot imagine any rule that would more effectively open the door for successful perjury than a rule which would permit persons to come into court after the apparent result of a close election has been published and allow them to testify that they did make affidavits of registration which have been lost or destroyed, and that if permitted to vote they would have voted for the contestant.

Ordinarily the acceptance of such testimony and the use of it by the court in determining the contest would be merely an appealable error. It would be merely an error of the court in the exercise of its jurisdiction and not action in excess of such jurisdiction. But since the contest provided for in said section 28 is a special proceeding concerning which it is provided that ''such decision or judgment of the court shall be final in every respect and no appeal can be taken therefrom,'' it follows that there would be no adequate remedy at law if the superior court, assuming jurisdiction of an alleged contest, should attempt to hear and determine said contest upon allegations which do not legally constitute a ground of contest. It is reasonable to say that a judgment based upon such alleged facts would be in excess of the jurisdiction of the court and would constitute a proper subject for a writ of prohibition.

In accordance with this opinion, an order has been entered granting the writ of prohibition applied for herein solely and only to the extent that by such writ the superior court of Kern County will be prohibited from considering said ground of contest with respect to the electors above mentioned whose votes were not received at the primary election. As to any other grounds of contest involved in the affidavits of contest to which reference has been made, the petition has been denied.