[Civ. No. 2472.   Second Appellate District.—April 8, 1918.]

## E. F. SCATTERGOOD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

INJUNCTION — TRANSMISSION OF ELECTRIC POWER — MAINTENANCE OF WIRES—ORDER NOT VIOLATED.—An injunction restraining a municipal corporation and certain of its officers from transmitting electric power or energy through the wires and lines of the city located on a certain boulevard, until such time as the same were removed from the wires of plaintiff to the distance prescribed by the railroad commission, is not violated by the maintenance of such wires and lines within eight and one-half inches of plaintiff's wires, where there is nothing in the injunction forbidding maintenance but only inhibiting the transmission of power.

ID.—ALLEGED VIOLATION OF INJUNCTION—INSUFFICIENT AFFIDAVIT.—An affidavit ·charging that defendant was maintaining electric wires within a stated distance from plaintiff's wires in violation of ·an order enjoining defendant from trespassing upon the poles and wires of plaintiff, and from constructing lines within such distance therefrom, does not constitute a charge of contempt, since the wires may have been so placed prior to the order, and there being nothing in the order requiring their removal.

ID.—AFFIDAVIT FOR CONTEMPT—ESSENTIALS.—An affidavit charging a contempt out of the presence of the court must show on its face a case of contempt.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order adjudging petitioner guilty of contempt of court.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, W. B. Mathews, Wm B. Himrod, and Lewis E. Whitehead, for Petitioner.

H. C. Beach, for Respondent.

WORKS, J., *pro tem.*—The petitioner is chief electrical engineer of the bureau of power and light of the city of Los Angeles. He and certain other officers of the city, and the city itself, were defendants in an action commenced by the Los Angeles Gas and Electric Corporation for the purpose of procuring an injunction. The action was tried and a judgment was entered granting the injunction. Its terms may be stated, both briefly and comprehensively, as follows:

1. The defendants were enjoined from trespassing upon, interfering with, moving, or displacing poles or wires owned and controlled by the plaintiff.

2. The defendants were enjoined from erecting or placing any pole, cross-arm, or other electrical appliance or equipment or attaching any wire or cable to or upon any pole, cross-arm, wire, or other electrical appliance or equipment in a fixed position within the distance from any pole, cross-arm, wire, or other electrical appliance or equipment owned or controlled by the plaintiff, as prescribed by law and by the rules and regulations of the railroad commission.

3. The defendants were enjoined from conveying, running, or transmitting electric power or energy through the lines and wires of the city, located on York Boulevard, until such time as those lines and wires are removed from the wires, poles, and equipment of the plaintiff to such distance as is prescribed by law and by the rules and regulations of the railroad commission.

Upon affidavits charging the petitioner with a violation of the terms of the injunction, and after a hearing upon the charges, the respondent adjudged the petitioner guilty of a contempt of court and imposed a fine of two hundred dollars upon him as a penalty for the offense. This proceeding was instituted for the purpose of annulling the order declaring the petitioner guilty and imposing the fine.

The petitioner contends that the affidavits upon which the charge against him was based do not state facts sufficient to

constitute a charge of contempt. In the affidavits there are several specifications of particulars in which it was claimed that the petitioner had been guilty of an infringement of the terms of the injunction. All but one of these were eliminated at the hearing in the contempt proceeding, and the petitioner was found guilty of contempt in the matter of that one alone. That alleged offense was stated in the affidavits in the following manner:

"That at or about the intersection of Avenue 53 and York Boulevard on Pole No. 18,601G, which is a pole jointly owned, operated, and maintained by plaintiff and Southern California Edison Company and Los Angeles Railway Company, the primary arc wires of the city of Los Angeles are within eight and one-half inches of the primary wires owned and operated and maintained by plaintiff."

It was admitted at the hearing that the distance specified was less than was required in such a case by the rules and regulations of the railroad commission.

The only charge made in the single specification upon which the judgment of contempt was predicated is that certain wires of the city "are within" a certain stated distance from the wires of the plaintiff in the action. It is to be noted, however, that the wires mentioned in the specification are apparently in York Boulevard. If they are in fact in that thoroughfare, the question whether the charge in it amounts to a charge of contempt must be measured by the terms of that part of the judgment stated in the paragraph numbered 3 in the earlier portion of this opinion, as that part of the judgment refers to wires in York Boulevard. It may be remarked, in passing, that the portions of the judgment set forth in the paragraphs of this opinion numbered 1 and 2 do not relate to any locality whatever. As to them, the judgment itself is as general and far-flung, as to locality, as are the statements of the two paragraphs.

Judged, then, by the standard set down in paragraph 3, the charge does not constitute a charge of contempt, for there is nothing in that paragraph forbidding a maintenance of the city's wires at any distance whatever from the wires of the plaintiff in the action. The only inhibition of the language of that part of the judgment repeated in the paragraph is against "conveying, running, or transmitting" power or energy through the city's wires until they are removed to

36 Cal. App.—45

a certain distance from the wires of the plaintiff, which removal is not required by the judgment.

If we attempt to measure the terms of the charge by paragraphs 1 and 2, and concede that the fact that the city's wires "are within" the stated distance from the plaintiff's wires amounts to "trespassing upon or interfering with" the wires or poles of the plaintiff, as the quoted terms are used in paragraph 1, then we are met by this condition: The charge does not show that the city's wires were placed at the prescribed distance from the plaintiff's wires after the rendition of the judgment. They may have been so placed before its rendition. In fact, some of the remarks of counsel for the petitioner, made at the hearing of the contempt proceeding, indicate that the city's wires were actually in place before judgment and affidavits used at the hearing show the same thing. If they were in place that early—and, under the authorities cited below, the possibility of such a condition must have been negatived by the affidavit charging the contempt—they were entitled so to remain, for there is nothing in the judgment to require their removal.

It is manifest to us that the charge is not sufficient to constitute a charge of contempt of court, and the contempt proceeding must fail, for it is settled, upon abundant authority, that an affidavit charging a contempt out of the presence of a court must show, upon its face, a case of contempt. (*Hutton* v. *Superior Court,* 147 Cal. 156, 159, [81 Pac. 409]; *In re McCarty,* 154 Cal. 534, 539, [98 Pac. 540].)

The point of which most is made in the briefs has been omitted from discussion, purposely, by us. That point is that the affidavits charging a contempt fail to show that the petitioner personally committed or participated in the alleged contempt, and that they are insufficient for that reason. A consideration of the question is rendered unnecessary by what we have said above.

The order is annulled.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 6, 1918.