[Crim. No. 1064.  First Appellate District, Division Two.—June 20, 1922.]

In the Matter of the Application of OSCAR VON GERZABEK for a Writ of Habeas Corpus.

[1] CONTEMPT—DISOBEDIENCE OF ALIMONY ORDER—RIGHT TO SHOW INABILITY.—Under section 1217 of the Code of Civil Procedure, it is the duty of the court to hear any answer which a person charged with contempt may make to the same; and an order of commitment of the superior court for contempt in failing to comply with a previous order for the payment of temporary alimony and suit money is void where the party charged is not given an opportunity to show his inability to comply therewith.

[2] ID.—JURISDICTION—SUFFICIENCY OF AFFIDAVIT.—The affidavit in a contempt proceeding must show upon its face a cause of contempt, and if it does not the court is wanting in jurisdiction and the order of contempt is void.

[3] ID.—ABILITY TO PAY—AFFIDAVIT ON INFORMATION AND BELIEF.—In a contempt proceeding growing out of the failure of the defendant in a divorce action to comply with an order for the payment of temporary alimony and suit money, an affidavit on information and belief that said defendant is in the possession of certain funds and moneys and in receipt of an income sufficient to enable him to pay is insufficient.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody under a commitment for contempt.  Petitioner discharged.

The facts are stated in the opinion of the court.

---

2. Necessity of hearing before imposition of punishment for contempt, note, Ann. Cas. 1916A, 727.

Mervyn R. Dowd for Petitioner.

R. M. J. Armstrong and Walker Peddiford for Respondent.

NOURSE, J.—The petitioner herein alleged that he was confined in the county jail under an order of commitment of the superior court for contempt of the court in failing to comply with a previous order for the payment of temporary alimony and suit money made in a divorce proceeding then pending between the petitioner and his wife. The proceedings leading up to the entry of the order of commitment are not disputed. It appears that on the third day of April, 1922, after proceedings duly taken, the court made an order in the divorce action that the defendant (the petitioner herein) pay to his wife a certain sum for temporary alimony and suit money. On the ninth day of May, 1922, the wife of petitioner filed with the said court her affidavit charging that the petitioner had failed to comply with this order and praying that he be cited to show cause why he should not be adjudged guilty of contempt therefor. Upon this affidavit an order to show cause was issued and in response thereto the petitioner was brought before the court on the sixteenth day of May, 1922. Hearing was then had before the court, both parties and counsel for the wife being present but the petitioner not being represented by counsel. Some testimony was taken as to the amounts which had been paid by the petitioner in compliance with the order and as to his ability to make further payments. The matter was continued until May 19th, when the petitioner appeared with counsel and asked permission to present evidence of his inability to comply with the order of the court. This was denied him by the court and an order was then made that unless he paid the sum of $50 before the twenty-second day of May, 1922, he would be adjudged guilty of contempt and confined in the county jail. At said time the court again refused to hear any testimony on the part of petitioner as to his inability to comply with the terms of the order and stated to the petitioner that if his income was not sufficient to meet these payments he should obtain other employment. Without any further hearing the order of commitment was made.

Petitioner attacks this order as being beyond the jurisdiction of the court upon the ground that he was denied an opportunity of proving his inability to comply with the order, and upon the further ground that there is no showing of petitioner's ability to comply therewith.

[1] As to the first point urged, section 1217 of the Code of Civil Procedure makes it the duty of the court to hear any answer which the person charged with contempt may make to the same. When a party is charged with contempt for failure to comply with an order of court the most effectual answer thereto is a showing of his inability to comply therewith. Through numerous decisions of the supreme court the rule has been announced that, even though this is a *quasi*-criminal proceeding, the burden of proof is upon the one charged with contempt to show his inability to comply with the order of the court. Such being the case, the parties should be given every opportunity to meet this burden.

As to the second point, the objection goes to the initiation of the contempt proceeding. The affidavit on the order to show cause which was the basis of the hearing on which the petitioner was committed fails to state any facts tending to show this petitioner's ability to comply with the order of the court. The only allegation in this connection is a plain conclusion of law made upon information and belief and is wholly devoid of any statement of facts upon which the court could draw the conclusion of this petitioner's ability to comply with the order. [2] The affidavit in a proceeding of this nature must show upon its face a cause of contempt, and if it does not, the court is wanting in jurisdiction and the order of contempt is void. (*Overend* v. *Superior Court*, 131 Cal. 280, 284 [63 Pac. 372]; *Hutton* v. *Superior Court*, 147 Cal. 156, 159 [81 Pac. 409].) [3] To allege on information and belief that a party is in the possession of "certain funds and moneys and in receipt of an income sufficient to enable him to pay" fails to meet the rule announced in the cases cited.

The prisoner is discharged.

Sturtevant, J., concurred.