[S. F. No. 10,408.  In Bank.—October 3, 1922.]

JOHN J. CASTAGNETTO, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF MARIPOSA et al., Respondents.

[1]  ELECTION LAW—CONTEST OF NOMINATION—AFFIDAVIT—PROHIBITION.—The claim that an affidavit in a contest of nomination, under section 28 of the primary election law (Stats. 1917, p. 1363), is insufficient because it does not specify separately the precincts in which a recount is demanded, nor sufficiently specify the "nature of the mistake, error, misconduct, or other cause why it is claimed that the returns from such precinct do not correctly

state the vote as cast in such precinct for the contestant and the contestee," will not be sustained in a prohibition proceeding to prevent the superior court trying the contest, unless the affidavit utterly fails to state any ground of contest under said section.

[2] PROHIBITION—AMENDMENT TO PLEADINGS—CONSTITUTIONAL LAW. In view of section 4½ of article VI of the constitution, the court is not disposed to consider matters on application for writs of prohibition which could readily be cured by amendment to the pleadings.

[3] ELECTION LAW—CONTEST OF NOMINATION—COUNTING OF BALLOTS —PROHIBITION.—The trial of a contest of nomination as provided for in section 28 of the primary election law will not be prevented by a writ of prohibition on the ground that the court intends to count ballots where the cross after the name is made with a lead pencil instead of with a rubber stamp, since any error in the count is an error in the exercise of jurisdiction and cannot be controlled by a writ of prohibition.

APPLICATION for a Writ of Prohibition to prevent the trial of a contest of nomination. J. J. Trabucco, Judge. Denied.

The facts are stated in the opinion of the court.

Devoto, Richardson, & Devoto for Petitioner.

THE COURT.—This is an application for a writ of prohibition to prevent the superior court of Mariposa County from proceeding with the trial of a contest of nomination as provided for in section 28 of the primary election law (Stats. 1917, p. 1363). [1] It is claimed that the affidavit is insufficient because it does not specify separately the precincts in which a recount is demanded nor sufficiently specify the ''nature of the mistake, error, misconduct, or other cause why it is claimed that the returns from such precinct do not correctly state the vote as cast in such precinct, for the contestant and the contestee'' (sec. 28, *supra*). While it may be conceded that an affidavit which utterly fails to state any ground of contest provided for in section 28 would not give the court jurisdiction, and therefore the trial of the contest should be prevented by a writ of prohibition as might be done in cases of contempt (*Hutton* v. *Superior Court*, 147 Cal. 156 [81 Pac. 409]; *Otis* v. *Superior Court*, 148 Cal. 129 [82 Pac. 853]; *In re McCarthy,*

154 Cal. 534 [98 Pac. 540]; see, also, *Kilburn* v. *Law,* 111 Cal. 237 [43 Pac. 615]; *Cline* v. *Superior Court,* 184 Cal. 331 [193 Pac. 929]), nevertheless similar allegations as a basis for an election contest have been sustained as sufficient (*Abbott* v. *Hartley,* 143 Cal. 484 [77 Pac. 410]; *Treanor* v. *Williams,* 145 Cal. 316 [78 Pac. 884]). [2] In view of the amendment to the constitution (art. VI, sec. 4½) we are not disposed to consider matters on application for writs of prohibition which could readily be cured by amendment to the pleadings (*Cline* v. *Superior Court,* 184 Cal. 331, 342 [193 Pac. 929]).

[3] It is alleged in the petition that the superior court intends to count ballots where the cross after the name is made with a lead pencil instead of with a rubber stamp. The case of *Miller* v. *Superior Court,* 25 Cal. App. 607 [144 Pac. 978], is cited as authority for the proposition that upon application for a writ of prohibition the court will consider whether or not the evidence sought to be adduced upon an election contest under section 28 of the direct primary law is admissible. That case, however, is altogether different from this. It was sought therein to offer proof that the election officers had refused to receive the votes of electors who were entitled to vote, but it was held that this was not a ground of contest under the law and therefore evidence of such refusal should be permitted and would be prevented by a writ of prohibition. The case involved here is entirely different. The purpose of the contest is fully accomplished by the recount of the votes, and any error in counting votes is an error in the exercise of the jurisdiction vested in the trial court, and cannot be controlled by a writ of prohibition.

The application for the writ is denied.

Wilbur, J., acting C. J., Lawlor, J., Waste, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

Lawlor, J., Lennon, J., Waste, J., and Richards, J., *pro tem.*, concurred.