MARK L. POTTER, Respondent, v. JAMES KNOWLES, Appellant.

Where two parties rely upon possession solely, as proof of title, the presumption of ownership is in favor of the first possessor.

Proof of possession, however short, will entitle a claimant to recover, unless the defendant can account for such possession, or show a prior possession or title in himself, or a third person.

APPEAL from the Superior Court of the City of San Francisco.

The action was ejectment for a lot in San Francisco. The case being tried by the Court without a jury, the Court found the following facts :

That the plaintiff in the year 1853, was the lawful owner of the premises in dispute ; that his Attorney permitted one Angus McDon-

nell to enter upon the premises, for the purpose of grading and haul-
ing stone from the same. That subsequently, McDonnell, without au-
thority conveyed, by deed, the premises to one Taylor, who afterwards
conveyed the undivided half thereof to the defendant. The Court upon
this state of facts, gave judgment for plaintiff. The defendant moved
for a new trial, on the affidavits of McDonnell and his partner, tending
to impeach plaintiff's title. The Court overruled the motion, and de-
fendant appealed.

*Howard & Perley*, for Appellant.

That the plaintiff having declared on a full legal title, he should
have offered in evidence a grant from the sovereign of the soil ; and
that the new trial should have been granted.

*Wills, Haight & Gary*, for Respondent.

1.   A new trial is never granted to let in testimony tending to im-
peach the credit of a witness. The testimony must relate to some new
fact, upon which evidence was not given at the trial. Harrington *v.*
Bigelow, 2 Denio, 109. People *v.* Sup. Court of N. Y., 10 Wend.,
293.

2.   The evidence was sufficient to justify the finding.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C.
J., concurred.

When McDonnell the grantor of the defendant, went into possession
by license or permission of the plaintiff's agent, his possession became
that of the plaintiff—and upon this prior possession, the latter is enti-
tled to recover. In Adams on Ejectment, the rule in such cases is
laid down thus:—"It has already been observed, that possession is
*prima facie* evidence of ownership ; and as between two parties who
rely upon possession solely, the presumption is in favor of the first pos-
sessor ; so that proof of possession by a claimant, however short, will
entitle him to recover, unless the defendant can account for such pos-
session, or show a prior possession or title in himself, or a third
person."

It only remains to add, that the new trial upon the affidavits filed
was properly denied.