## GRIM v. NORRIS.

A COURT has no power to send an ordinary suit at law to a referee for trial against the objection of either party; and this, whether the suit requires the examination of a long account or not. And a statute authorizing a reference in such case would be unconstitutional.

Our statute as to referring cases applies solely to equity causes. The right of trial by jury in all common law actions is secured by the Constitution of this State.

A point as to waiver.

APPEAL from the Sixth District.

Suit to recover $3,850.

The complaint contains nine ordinary assumpsit counts, for work, labor and services, and money paid, laid out and expended by A. Keefer for defendant—the amount being assigned by Keefer to plaintiff. The work and labor counts were for taking charge of and protecting from trespassers the timber on a ranch owned by defend-

ant, building fences and bridges, constructing roads leading to a toll bridge, cutting and stacking hay, etc.   The counts for money paid, etc., were : one for purchasing a yoke of oxen, and another general count.   The answer consisted of a general denial, and of eight counter claims, for money loaned by defendant to Keefer, use and occupation of a house and tract of land, tolls due, hire of oxen, cows, mules and other chattels, timber cut and carried by Keefer from defendant's land with his permission, crop of grass sold, etc.

The cause, when called regularly to be set for trial, was referred by order of Court, without any motion to that effect by either party, to a referee for trial ; defendant excepting.   The cause was heard by the referee, both parties appearing and introducing evidence. On the hearing, a stipulation was entered into between the parties, to the effect that certain testimony taken on a previous trial of the cause by a reporter " may be used in evidence before said referee ; and the objections and exceptions therein may be considered as made and taken before said referee."

Judgment was entered on the report of the referee in favor of plaintiff for $2,335.   Defendant appeals.

*Heydenfeldt*, for Appellant.

The Court had no power to send the case to a referee for trial against the objection of defendant.   The case is strictly at law. It is neither a bill in equity nor an action of account.   The defendant was entitled to a trial by jury.   (Const. of Cal., art. I, sec. 3 ; *Smith* v. *Pollack*, 2 Cal. 92 ; *Russell* v. *Elliott*, Id. 245 ; *Cahoon* v. *Levy*, 5 Id. 294.)

*E. B. Crocker*, also for Appellant.

*Winans*, for Respondent.

Even if the Court had no power to order a reference, still defendant waived his objection by going into a full trial of the cause before the referee, and also by the stipulation made as to the reception of the testimony taken in a former trial.   Had defendant negatively tried the case before the referee so as to protect his rights, it is not insisted that this would have amounted to a waiver

of his constitutional right to a jury; but when he affirmatively stipulated to make a large mass of evidence, previously noted by a reporter, proper evidence before the referee, he then, by his own express sanction, indorsed the reference; gave respondent to understand that he accepted that mode of trial, and waived his objection thereto. He had as much right to do this, as he had to try the case before eleven jurors or a less number. (7 How. Pr. R. 42; 3 Comst. 511; *Lee* v. *Tillotson*, 24 Wend. 557; 6 Hill, 48; 5 Id. 468; *Ubsdell* v. *Root*, 3 Ab. Pr. R. 142.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This case was tried by a referee, and upon his report a judgment was entered for the plaintiff. The order of reference was made without the consent and against the objection of the defendant. The action is an ordinary suit at law for the recovery of a debt, and in such cases the parties are entitled to a trial by jury, if they desire it. The ground of the reference was, that a trial of the case would require the examination of a long account; and the Court acted no doubt upon the supposition that the statute afforded the requisite authority for the order. But the Constitution provides, that " the right of trial by jury shall be secured to all, and remain inviolate forever; " and if such a construction of the statute could be maintained, we do not see why this right might not be entirely swept away by legislative enactment. The framers of the Constitution regarded the right of the citizen in this respect as too sacred and valuable to be intrusted to the guardianship of the Legislature, and the provision referred to was intended as a restriction upon legislative authority. We have repeatedly held, however, that this provision of the Constitution did not extend to equity causes, but was limited in its operation to those cases in which the right of trial by jury previously existed. An intentional violation of the Constitution on the part of the Legislature is not to be presumed, and by construing the statute as solely applicable to proceedings in equity, we avoid even a seeming conflict between the two instruments. We have no doubt that this construction is in accordance with the inten-

tion of the Legislature ; but whether it is or not, it is certain that no other effect can be given to the statute.

The point that the defendant subsequently waived his objection to the reference, is not well taken.

Judgment reversed and cause remanded for a new trial.