THE STATE OF NEBRASKA, EX REL. JOHN McCLUNG, v. B. W. POWELL AND SAMUEL McCLUNG.

1. **Trial of Right of Property.** A proceeding under the statute for a trial of the right of property is not in a legal sense a "civil action," and is therefore not properly triable by a jury; but where a jury is impaneled by agreement or at the instance of the plaintiff in error, he cannot complain on that ground. *B'Hymer v. Sargent*, 11 O. S., 684, approved.

2. **Mandamus.** A constable made application for a mandamus to compel a justice of the peace to re-instate a judgment on the docket of his predecessor, where, on a trial to a jury of the right of property levied on by him, a verdict had been rendered in favor of the judgment creditors, which on motion was set aside by the justice on the ground of partiality and undue means. *Held*, that the error, if any, in setting aside the verdict and judgment, cannot be reviewed on an application for a mandamus.

NOTE.—A sheriff has no authority to institute proceedings for a trial of the right of property only at the instance of a claimant. If the jury find against the claimant he cannot maintain an action against the officer, while, if there be a finding in his favor, the plaintiff in execution may tender the undertaking provided for in sec. 48 Gen. Stat., 608, and require the sale to proceed. In such case the officer is not liable, the remedy of the claimant being on the undertaking. *Storms v. Eaton*, 5 Neb., 458. A judgment in favor of the claimant is not conclusive as to the ownership of the property, and mandamus will not be granted to compel the officer to comply with the order of the justice. *The State, ex rel. Snelling, v. Gillespie*, 9 Neb., 505.—REP.

ORIGINAL application for mandamus.

*C. J. Phelps*, for relator.

Statutory proceedings to try the right of property are not appealable, and if they were, McClung could neither appeal nor prosecute a petition in error, because he was not a party to the record. He had no other adequate remedy, and therefore mandamus will lie. Nash, 729. 2 Penn. Rep., 1024. 2 N. J. Rep., 225. 2 John. Rep., 371. *People v. Justices of Chenango*, 1 Johnson's Cases, 179; and 2 Caine's Cases in Error, 319.

*Hoxie, Russell & Chambers*, for respondents.

MAXWELL, CH. J.

The relator alleges that he is one of the constables of Schuyler precinct, in Colfax county, and that in August, 1878, the firm of Jellison & Miller recovered a judgment against James B. Richardson, before B. W. Powell, justice of the peace, for the sum of $57.55; that an execution was duly issued on said judgment and levied upon certain property in the possession of Richardson, which was claimed by Jane B. Richardson, the wife of said defendant; that said Jane B. instituted proceedings under the statute for a trial of the right of property, and that a jury was agreed upon by the parties and a trial of the right of property had, which resulted in a verdict and judgment for the judgment creditors; that a motion for a new trial was thereupon filed by the claimant to set aside said verdict because it was obtained by partiality and undue means; the justice thereupon set aside the verdict and judgment and granted a new trial. The relator

6

alleges that setting aside said verdict and judgment has worked great and irreparable injury to him, as the said Jane B. Richardson has commenced an action against him for the recovery of said property, and for damages. Wherefore the relator prays that the successor of said justice may be required to re-instate said judgment on his docket, etc.

The proceeding for a trial of the right of property under the statute is a summary one, to be tried by the justice, and is not, in any just or legal sense, a "civil action," and therefore not properly triable by a jury. *B'Hymer v. Sargent*, 11 O. S., 684. It is a special proceeding, designed principally for the protection of the officer, and not being a civil action in the sense in which that term is used in the code, is necessarily governed by the special provisions of the statute related thereto. There is no provision for impaneling a jury in the original sections, nor does the amendment to the same, approved February 25, 1875, contain any such provision. But where a jury is impaneled by agreement, or at the instance or request of the plaintiff in error, he cannot complain on that ground. *B'Hymer v. Sargent, supra*. No appeal is allowed from the judgment of the justice in this proceeding, but the case may be reviewed on error.

Alleged errors, however, cannot be reviewed on an application for a mandamus. The relator contends that not being a party to that proceeding, he could not object to irregularities or errors in setting aside the judgment. While this is true, it is not sufficient cause for this court to compel a justice to re-instate a judgment that, so far as appears, was properly set aside. If doubts exist as to the ownership of property levied upon by an officer, he may require an indemnifying bond before proceeding to sell the same. If he sell property claimed by another without an adjudication

in favor of the judgment creditor, and without proper indemnity, he cannot invoke the aid of this court to shield him from the consequences of his own acts. As the application entirely fails to state a cause of action, the writ is denied.

WRIT DENIED.