|  |  |
|---|---|
| 15 | 9 |
| 35 | 903 |

---

B. W. SCHELL ET AL., PLAINTIFFS IN ERROR, V. JOSEPH HUSENSTINE, DEFENDANT IN ERROR.

1.  Trial of Right of Property:  PRACTICE.   When an order of attachment is issued by a county judge, in a case in which the county court has jurisdiction concurrently with the district court, and chattels, seized upon such attachment, are claimed by a person other than the defendant in such attachment suit, proceedings for the trial of the right of such property should be commenced and conducted under the provisions of sections 486 and 487 of the civil code.

2.  Records:  PRESUMPTION.   When a record, brought to this court on error, speaks of an order of attachment issued by a county judge, but fails to state in what amount it was issued, or to oth-

erwise describe it, it will be presumed to have been issued in a case in which the county court had jurisdiction concurrently with the district court.

ERROR to the district court for Gage county.    Tried below before WEAVER, J.

*Sabin & Cobby*, for plaintiff in error, cited: *Noakes v. Switzer*, 12 Neb., 160.    *Jones v. Carr & Co.*, 16 Ohio State, 420.    Maxwell's Justice, 104.

*R. S. Bibb* and *A. J. Hale*, for defendant in error, cited: *Armstrong v. Harvey*, 11 Ohio State, 531.    *State v. Powell*, 10 Neb., 50.

COBB, J.

There is but one question presented by the record, or argued in the briefs, in this case.    That is, whether, in contemplation of the provisions of the statute providing for what is popularly known as the trial of the right of property, the county judge is a judge of a court of record, or a justice of the peace.    The statute provides somewhat different proceedings for the trial of the right of property in cases where personal property, taken on execution or attachment issued out of a court of record, is claimed by a person other than the defendant, and cases where the writ is issued by a justice of the peace and the property levied upon is so claimed. In the latter case the trial may be had before a justice of the peace, without a jury, unless a jury is demanded, as in other cases; while in the former it is made the duty of the justice to issue a writ of summons directing the sheriff or constable to summon five disinterested men having the qualifications of electors, etc.    And the matter shall be tried before such jury, etc.    The mode of procedure in the two cases differs in some other respects, but the above is regarded as the most important one.

In the case at bar an order of attachment was issued at the suit of the plaintiffs in error by the county judge of Gage county against one Thomas Ratz. The sheriff having levied the said order on certain chattels as the property of said Ratz, the defendant in error herein claimed the same, and instituted this proceeding for the trial of the right thereof. The record is silent as to the amount of the plaintiffs' claim sued for in the action in which the order of attachment was issued. Were such amount stated it might relieve the case of considerable difficulty. The act approved March 3, 1873 (before the present constitution), provides as follows: "Sec. 2. Probate judges in their respective counties shall have and exercise the ordinary powers and jurisdiction of justices of the peace, and shall have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding five hundred dollars, exclusive of costs. * * * And the provisions of the code of civil procedure relative to justices of the peace, shall, where no special provision is made by this subdivision, apply to the proceedings in all civil actions prosecuted before said probate judges." Comp. Stat., Chap. 20. Section 1 of the act declares that such court shall be a court of record. The constitution since adopted provides, art. VI., §§ 15 and 16, for the election of county judges and the organization of county courts, and provides that such courts shall be courts of record, and limits their jurisdiction in civil cases to actions wherein the sum claimed shall not exceed one thousand dollars. Sec. 15 of art. XVI. provides that such county courts shall be the successors of the probate courts.

It is not deemed necessary in this case to enter into a discussion of the proposition that a county judge, when acting within the jurisdiction which he possesses in common with the justices of the peace of his county, should be regarded as a justice of the peace to all intents and purposes. The constitution declares this court to be a court of record. No one will claim that it is anything else while acting within

that jurisdiction which it possesses concurrently within the district court.   And there being nothing in the record showing the character of the action in which the order of attachment was issued, it will be presumed to have been issued by the county judge while in the exercise of his general or enlarged jurisdiction.   In other words, a county judge does not act as a justice of the peace *prima facie*, whatever construction we may be constrained to place upon certain of his official acts by the anomalous provisions of the statute.   It may be claimed that the presumptions are in favor of the correctness of the judgment of the district court in affirming the judgment of the justice.   But such presumption, if it exists, must be very weak where all of the evidence which was before that court is now before this to show for itself.

It is true that this court, in *The State v. Powell*, 10 Neb., 50, following *B'Hymer v. Sargent*, 11 Ohio State, 682, said :   "The proceeding for a trial of the right of property under the statute is a summary one, to be tried by the justice, and is not in any just or legal sense a 'civil action,' and therefore 'not properly triable by a jury.'"   But in the case of *The State v. Powell* and the Ohio case, the executions had been issued by justices of the peace, and could not possibly come within the provisions of sec. 486 of the code.   There can be no doubt that under the provisions of this and the following sections the question could be tried in no other manner than to the jury of five men therein provided.   And as, in my view, the case at bar properly comes under these provisions, and as the trial was had to the justice without a jury, the conclusion is irresistible that the district court erred in affirming the judgment, and said judgment must be reversed.

REVERSED AND REMANDED.

THE other judges concur.