111  237|
a122  293|

[S. F. No. 287.  In Bank.—February 8, 1896.]

PARIS KILBURN ET AL., BANK COMMISSIONERS, PETITIONERS, *v.* J. K. LAW, JUDGE OF THE SUPERIOR COURT OF MERCED COUNTY, RESPONDENT.

BANK COMMISSIONERS—MISDEMEANOR IN OFFICE—CONSTRUCTION OF PENAL CODE—CRIMINAL PROSECUTION—JURISDICTION OF SUPERIOR COURT—PROHIBITION.—Section 772 of the Penal Code, providing for the prosecution and removal of officers for misdemeanor in office, contemplates a criminal and not a civil prosecution; and by sections 888 and 889, prosecutions under section 772 are limited to district, county, and township officers, and the superior court has no jurisdiction under that section to prosecute the state bank commissioners for willful neglect of the duties of their office, and such prosecution will be restrained by writ of prohibition.

PROHIBITION from the Supreme Court to the Superior Court of the County of Merced, to restrain the prosecution of the state bank commissioners, in the matter of an accusation of willful neglect of official duties. J. K. LAW, Judge.

The facts are stated in the opinion of the court.

*R. B. Carpenter*, for Petitioners.

The proceeding is a criminal action. (Pen. Code, sec. 16, p. 683; *Dyer* v. *Placer County*, 90 Cal. 276; *Ex parte Clarke*, 103 Cal. 354; *Ex parte Gould*, 99 Cal. 361; 37 Am. St. Rep. 57; *Thurston* v. *Clarke*, 107 Cal. 285; *Donnelly* v. *People*, 11 Ill. 552; 52 Am. Dec. 459; *Wight* v. *People*, 15 Ill. 417; *Hay* v. *People*, 59 Ill. 94; *Chesshire* v. *People*, 116 Ill. 500; *Lavalle* v. *People*, 68 Ill. 253.) Proceedings under section 772 are limited to district, county, municipal, or township officers. (Pen. Code, secs. 888, 889.)

*A. J. Clunie*, and *V. G. Frost*, for Respondent.

Section 772 of the Penal Code applies to any unfaithful officer of the state. (*In re Stow*, 98 Cal. 587; *In re Marks*, 45 Cal. 199; *Woods* v. *Varnum*, 85 Cal. 639.) The jurisdiction of the superior court extends throughout

the state. (Const., art VI., sec. 5; Code Civ. Proc , sec. 78; *Reyes* v. *Sanford*, 5 Cal. 117. The proceeding is not a criminal action within the meaning of section 383 of the Penal Code. (*Haight* v. *Lucia*, 36 Wis. 360.) The sufficiency of the accusation or any error in the proceedings cannot be attacked by writ of prohibition. (Spelling on Extraordinary Relief, sec. 1728; High's Extraordinary Remedies, sec. 772; *Ah Goon* v. *Superior Court*, 61 Cal. 555; *Murphy* v. *Superior Court*, 58 Cal. 520; *Murphy* v. *Superior Court*, 84 Cal. 592; *Bishop* v. *Superior Court*, 87 Cal. 226; *Powelson* v. *Lockwood*, 82 Cal. 613; *State* v. *Superior Court*, 29 Pac. Rep. 213; *Leonard* v. *Bartels*, 4 Col. 95; *Walcott* v. *Wells*, 24 Pac. Rep. 367; *Ex parte Greene*, 29 Ala. 52; *Hogan* v. *Guigon*, 29 Gratt. 705.)

TEMPLE, J.—This is an application for a writ of prohibition against Hon. J. K. Law, judge of the superior court of Merced county, commanding him to desist from any further proceedings against the petitioners as bank commissioners in the matter of the accusation of W. N. Sherman against them.

October 8, 1895, said Sherman filed in the Superior court of Merced county a verified accusation charging that the bank commissioners had willfully neglected to perform the duties of their office in that, having the means so to do, they did not, up to. September 1, 1895, ascertain that the Merced bank was insolvent and unable to fulfill its obligations, and that it was unsafe to continue business. And that, having the means to ascertain these facts, they did not report the same to the attorney general of the state of California, as required by law; and having ascertained on the twelfth day of September, 1895, that said bank was insolvent, and in an unsafe condition, did not report, and have not since reported, such facts to the attorney general.

The accusation also charged that the Merced bank was insolvent and unsafe, and that on the sixteenth day of October, 1894, it suspended payment and closed its

doors, and that said suspension has ever since continued, and the bank has paid no part of the sums due its depositors, and that the neglect of duty on the part of the bank commissioners has entailed great loss on the part of depositors in said bank.

The petitioners state that neither of them was a citizen of the county of Merced, wherein the accusation was filed, but were then temporarily at Merced when this proceeding was commenced, engaged in the discharge of their official duty.

Upon the presentation of said accusation to the superior court of Merced county, it is averred, the court issued a citation, which was served upon the petitioners, requiring them to appear and answer the accusation, and the petitioners charge that notwithstanding said accusation was filed without authority of law, and the proceeding is illegal, respondent will, unless restrained, entertain the same, and will enter judgment removing petitioners from office.  The answer admits all the material allegations except that respondent denies that he will proceed to remove petitioners from office, but avers that he will proceed to hear the accusation and determine the same as required by section 772 of the Penal Code.

Petitioners contend that, inasmuch as the bank commissioners are state officers, and not district, county, municipal or township officers, they cannot be prosecuted and removed from office under section 772 of the Penal Code, and they claim that sections 888 and 889 expressly so provide.  In answer to this it is suggested that although section 772 is in the Penal Code, the proceeding there authorized constitutes a civil case.  It is simply a law misplaced.  It is even contended that an action upon a statute to recover a fixed penalty was at common law an action of debt—that is a civil action— and the legislature cannot by providing for such a case in the Penal Code thereby convert that which is essentially a civil action into a criminal proceeding.

That the legislature intended to make it a criminal

prosecution is to my mind clear. It is a proceeding for the punishment of an offense in its nature criminal. No one denies that willful neglect of official duty is or may be made by statute a crime. It has always been so treated. That this section is in the Penal Code is, of itself, sufficient to indicate the legislative intent. But this is not all. Section 682 of the Penal Code provides that every public offense must be prosecuted by information or indictment, except: " 1. Where proceedings are had for the removal of civil officers of the state," etc. Section 888 provides that offenses triable in the superior courts must be prosecuted by indictment or information, except as provided in the next section. Section 889 provides: " When the proceedings are had for the removal of district, county, municipal, or township officers, they may be commenced by an accusation or information in writing, as provided in sections 758 and 772."

Here is an express provision for the prosecution of certain officers for public offenses under section 772. This is equivalent to an express declaration by the legislature that the proceeding authorized by section 772 is the prosecution of a public offense. Is there anything in the nature of the proceeding authorized by section 772 which would make it a case at law rather than a criminal prosecution?

There are many civil actions the result of which may be highly penal, and which partake of the nature of criminal prosecutions. And yet, since the purpose is to redress or prevent a private injury, they cannot be classed as criminal proceedings. But when the object is to punish the defendant for the commission of an act, and the public and not individuals, as such, are interested in the judgment sought, and where as here the act is declared a public offense, and especially if at common law it was so considered, the presumption is very strong, if not conclusive, that the proceeding is a criminal prosecution.

The features of section 772, which gave it the appear-

ance of providing for a civil action; are: 1. The defendant is cited to appear and answer; 2. The court must proceed to hear the evidence in a summary manner, which it is claimed means that a jury is not required; 3. The court must enter a decree depriving the accused of his office, and judgment in favor of the informer for five hundred dollars and costs; and 4. As it is claimed, the proceeding is not in the name of the people as directed by section 684 of the Penal Code.

Probably no one would think any one of these provisions sufficient to constitute the proceedings in a civil case, in view of the provisions alluded to, which declare that this is a criminal proceeding, but it may be thought that all together plainly indicate a civil case. The first cannot be of consequence. The legislature may provide for the prosecution of a criminal action without the arrest of the defendant. If the fact that it is a criminal proceeding implies the right to a trial by jury, it would follow that in a prosecution under this section defendants are entitled to a jury, and the decree and judgment provided would follow a verdict of guilty. The judgment imposing a fine, which in whole or in part shall go to the informer, is not such an anomaly in criminal practice as to require discussion. Perhaps a prosecution under this section ought to be in the name of the people. There is nothing indicating a contrary intent in the statute. The cases have been entitled as they were under the act of 1853. This was natural, as that act seemed to make it a proceeding by the informer against the person accused. The matter does not appear to be of much consequence, and it is enough to say that the statute has not provided that the action shall be in the name of the informer, and if section 684 is applicable, as I think it is, it ought to be in the name of the people.

It follows that the point that such prosecution cannot be had under this section against the bank commissioners must be sustained. They are not district, county, municipal, or township officers, and by section 888 and

889 prosecutions under section 772 can only be maintained against such officers.

It is said that the objection that the complaint does not state a case of which the court has jurisdiction is in the nature of a demurrer, and that the superior court has jurisdiction to consider all such questions, and they cannot be made the ground for a writ of prohibition. This point cuts too deep, and, if sustained so broadly, would deprive this court of all power to issue writs of prohibition in cases where a lower tribunal is exceeding its jurisdiction. It certainly is not good in a case, like this, where no facts could be alleged which would give the lower court jurisdiction.

Let the writ issue as prayed for.

McFARLAND, J., HENSHAW, J., VAN FLEET, J., and HARRISON, J., concurred.

BEATTY, C. J., concurred in the judgment.

GAROUTTE, J., concurred in the foregoing opinion, and cites the recent cases of *In re Curtis*, 108 Cal. 661, and *Wheeler* v. *Donnell*, 110 Cal. 665, as directly deciding that an accusation brought under section 772 of the Penal Code is a criminal proceeding.