[L. A. No. 6465. In Bank.—November 18, 1920.]

## JOHN C. CLINE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] PROHIBITION—WHEN PROPER.—Prohibition lies only when and because the court or tribunal to which the writ is addressed is acting, or is about to act, in excess of its jurisdiction, and there is no plain, speedy, and adequate remedy in the ordinary course of law.

[2] PUBLIC OFFICERS — ACCUSATION OF MISCONDUCT — WHO MAY PRE- ʃ ᵀ.—Under section 772 of the Penal Code, any citizen may make and present an accusation against a public officer for misconduct in office, and the fact that he is an officer is immaterial so far as the jurisdiction of the court is concerned.

[3] ID.—ACCUSATION CHARGING CRIMES.—The fact that an accusation against a public officer made under section 772 of the Penal Code contains charges of willful and corrupt official misconduct which are cognizable upon an accusation presented by the grand jury under section 758 does not divest the court of jurisdiction, since the remedies are cumulative.

[4] ID.—RIGHT OF TRIAL BY JURY.—Section 772 of the Penal Code does not by its terms provide for or contemplate a trial by jury of the proceeding authorized by the section.

[5] ID.—RELATIONS BETWEEN STATE AND OFFICERS—NATURE OF RIGHT TO PUBLIC OFFICE.—While in any ordinary controversy between a civil officer and a private citizen, or between such officer and the state or any other. officer thereof, the right or title of such officer to his office is treated as a property right and is not subject to attack except in a direct proceeding instituted by the authority of the state, yet the office is held subject to proceedings for removal provided by law, and the officer cannot successfully object to a proceeding for his removal or to the jurisdiction of the tribunal to which an accusation is presented, if authorized by statute.

[6] ID.—PROSECUTION OF ACCUSATION UNDER SECTION 772, PENAL CODE — NATURE OF.—The proceeding under section 772 of the Penal Code for the removal of an officer for misconduct is not in effect a prosecution for a crime, but is an exercise by the legislature of the power given by sections 17 and 18 of article IV of the constitution to provide for trials for misdemeanors in office.

[7] ID.—CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL.—The right of trial by jury referred to in section 7 of article I of the constitution, providing that such right shall be secured to all and remain inviolate, is the right as it existed at common law, and does not guarantee such right to an officer prosecuted under section 772 of the Penal Code.

[8] ID.—JURISDICTION—CONSTRUCTION OF CODE.—Under section 772 of the Penal Code, providing that the accused must be an officer within the jurisdiction of the court, the word "jurisdiction" means the local jurisdiction, that is, the county, and does not refer to the power of the court to issue process to all parts of the state given by section 5 of article VI of the constitution, and it follows that an accusation to the superior court of one county against an officer of another county could not be maintained, unless brought there by a change of venue.

[9] ID.—MONEY JUDGMENT IN FAVOR OF ACCUSER—SECTION NOT DISCRIMINATORY.—The provision of section 772 of the Penal Code that when the accusation is made by a citizen judgment must be entered for five hundred dollars in favor of the accuser does not render the section invalid as discriminatory, although under section 758, upon an accusation by the grand jury, no money judg-

ment can be given, since the grand jury is charged with the duty of inquiring into willful or corrupt misconduct of public officers.

[10] ID.—DEFECT IN TITLE OF PROCEEDINGS — JURISDICTION NOT DIVESTED.—Jurisdiction of a proceeding under section 772 of the Penal Code is not affected by the fact that the proceedings were entitled in the name of the accuser instead of in the name of the people as required by section 20 of article VI of the constitution, since such defect is amendable.

APPLICATION for a Writ of Prohibition to prevent further proceedings under an accusation against a public officer. Denied.

The facts are stated in the opinion of the court.

George E. Cryer, W. I. Foley, Ingall W. Bull and Henry T. Gage for Petitioner.

A. J. Hill, County Counsel, Paul Vallee, Chief Deputy County Counsel, and J. Allen Davis, Deputy County Counsel, for Respondents.

SHAW, J.—This is a proceeding in prohibition originally begun in division two of the district court of appeal of the second district. The decision of that court thereafter made was vacated and a rehearing in this court was granted.

Petitioner seeks to prevent the superior court from proceeding to trial and judgment upon an accusation presented against him, under section 772 of the Penal Code, by Jonathan S. Dodge, charging the petitioner with refusing and neglecting to perform certain duties of the office of sheriff of Los Angeles County, of which office petitioner was then, and still is, the incumbent. Section 772 is as follows:

"When an accusation in writing, verified by the oath of any person, is presented to a superior court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the accusation was presented, and on that day, or some other subsequent day not more than twenty days from that on which the accusation was presented, must

proceed to hear, in a summary manner, the accusation, and
evidence offered in support of the same, and the answer and
evidence offered by the party accused; and if, on such hear-
ing, it appears that the charge is sustained, the court must
enter a decree that the party accused be deprived of his office,
and must enter a judgment for five hundred dollars in favor
of the informer, and such costs as are allowed in civil cases.''

[1] Prohibition lies only when and because the court or
tribunal to which the writ is addressed is acting, or is about
to act, in excess of its jurisdiction, and there is no plain,
speedy, and adequate remedy in the ordinary course of law.
(Code Civ. Proc., secs. 1102, 1103.)

The claim of the petitioner that the superior court has no
jurisdiction is based on the following grounds:

1. That Jonathan S. Dodge, who verified and presented the
accusation, was then, and still is, chairman of the board of
supervisors of Los Angeles County, and that he verified and
is prosecuting the accusation in pursuance of instructions
from said board. The claim is that section 772 does not
authorize the prosecution of such accusation by any officer
of the state in his official capacity.

2. That the accusation contains charges of willful and cor-
rupt official misconduct which, it is claimed, are cognizable
only upon an accusation presented by the grand jury under
section 758 of the Penal Code, and further, that it charges
the commission of certain crimes which can be presented only
by indictment or information.

3. That if any of the charges are proper under section
772, the defendant is entitled to a trial by jury and that the
court is about to proceed to trial without a jury.

4. That section 772 is unconstitutional.

We will take up these points in their order.

[2] 1. It is a sufficient answer to this objection to point
out that the accusation does not purport to be made by
Dodge in his official capacity as member or chairman of the
board of supervisors. The allegation therein that he had
been instructed to verify and present the accusation has not
the effect of making this an accusation presented by the
board of supervisors or by any member thereof in his official
capacity. The section authorizes the accusation to be ''veri-
fied by the oath of any person.'' Under this provision any
citizen may make and present the accusation, and the fact

that he is an officer is immaterial so far as the jurisdiction of the court is concerned.

[3] 2. We can perceive no substantial reason for the claim that acts which constitute crimes or which, because of having been willfully or corruptly done, are the subject of charges under section 758, may not also be the basis of charges under section 772 as a foundation for the removal of the party guilty thereof from office. These remedies are all authorized on behalf of the public and they are cumulative, distinct, and separate. The fact that one of them may be pursued does not prevent the pursuit of any of the others. If all of them were prosecuted at the same time, it would not deprive the court of jurisdiction of either, but would, at most, be nothing more than a foundation for a plea of another action pending or a plea of former adjudication. It is not necessary here to decide whether it would support such plea or not.

[4] 3. The section does not by its terms provide for or contemplate a trial by jury. It declares that when the accusation is presented "the court must cite the party charged to appear before the court," not less than five nor more than ten days thereafter, and then or within twenty days from the time of presentation "must proceed to hear, in a summary manner, the accusation," and if the charge it sustained "must enter a decree" that the party be deprived of his office. No provision is made for summoning a jury and as the trial must take place in a summary manner, and must be begun within twenty days, it is evident that the delays incident to the drawing, summoning, and impaneling of a jury were not contemplated. If the petitioner is entitled to a jury trial of the proceeding, the authority therefor must be found in some other portion of our law than the terms of section 772. We deem it necessary to say that the petitioner has not alleged that the court below is threatening to deny a jury trial. The briefs, however, discuss the question as if the matter was in issue, and inasmuch as it may arise upon the trial, we have concluded to treat it as in issue. It is also proper to say that there may be some doubt whether the question can be raised in a proceeding in prohibition. In *Powelson* v. *Lockwood*, 82 Cal. 613, [23 Pac. 143], it was held that the refusal of a jury trial by a justice of the peace was mere error which could not be reached in a proceeding

in prohibition. In that case, however, an appeal was provided for. In proceedings under section 772 there is no appeal. It may be that this would give cause for a distinction between the two cases if a trial by jury were required by section 772 or by the constitution.

4. The claim that the section is unconstitutional is based on several different, and to some extent inconsistent, grounds.

At the outset we may appropriately state a fundamental principle of law concerning the relations between the state and its officers and the nature of the right to public office, a principle which has an important bearing upon this branch of the case.

[5] In any ordinary controversy between a civil officer and a private citizen, or between such officer and the state or any other officer thereof, the right or title of such officer to his office is treated as a property right and is not subject to attack except in a direct proceeding for that purpose and instituted by the authority of the state. But such officer takes and holds his office subject to the conditions that may be imposed upon it by the laws of the state whose agent or servant he is, and if a cause of removal and a mode of enforcing it is provided by law, he is deemed to have accepted his office on the condition that he may be removed for that cause and in the manner so provided. In the case of *Carter,* 141 Cal. 320, [74 Pac. 997], the charter of San Diego provided, so it was held, that city officers could be removed by the city board of trustees at any time without notice or hearing. Upon the objection that this summary power of removal was invalid the court, after citing numerous authorities on the subject, said: "In creating an office the government can impose such limitations and conditions with respect to its duration and termination as may be deemed best, and in such a case the incumbent takes the office subject to the conditions which accompany it. It may always be terminated in such manner and by such means as are prescribed by the law which created it." In such a controversy the office is not considered as property. (Mechem on Officers, sec. 464; Throop on Officers, sec. 345.)

It follows that the officer cannot successfully object to a proceeding for his removal or to the jurisdiction of the tribunal to which an accusation for removal is presented, if the law of the state provides that such proceeding may be pros-

ecuted in that manner, before that tribunal and for the cause alleged. The law, as we have shown, does so provide, and we are of the opinion that it is authorized by the constitution.

[6] The argument that it is unconstitutional is mainly founded upon the assumption that the proceeding is in effect a prosecution for a crime, or is so far criminal in its nature that the officer accused is entitled to all of the rights and safeguards given by the constitution to persons charged with crime. The case is not of that character. The purpose of this section is to provide a procedure in the nature of an impeachment to afford a means for the removal of a derelict officer. The legislation embraced in the section is an exercise of the power referred to and conferred on the legislature by sections 17 and 18 of article IV of the constitution. These sections relate to the impeachment and removal of public officers. Section 17 declares that "the assembly shall have the sole power of impeachment, and all impeachments shall be tried by the senate." Section 18 declares that the governor and other state officers, including all judicial officers down to the judges of the superior court, "shall be liable to impeachment for any misdemeanor in office; but judgment in such cases shall extend only to removal from office, and disqualification to hold any office of honor, trust, or profit under the state; but the party convicted or acquitted shall nevertheless be liable to indictment, trial, and punishment, according to law. All other civil officers shall be tried for misdemeanor in office in such manner as the legislature may provide." These provisions were also a part of the constitution of 1849 and are there numbered as sections 18 and 19 of article IV. In the decision in the *Matter of Marks,* 45 Cal. 217, a case which arose under the constitution of 1849, the court said concerning these provisions: "The constitution of this state undertook to distribute this power to remove public officers for misdemeanor in office—of which, as we have said, neglect of official duty was one. It, for this purpose, placed the Governor, Lieutenant-Governor, Secretary of State, Controller, Treasurer, Attorney-General, Surveyor-General, Justices of the Supreme Court, and District Judges in one class, and placed all other civil officers in another class; it then provided that those of the first class should be liable to impeachment for any misdemeanor in office, and that those of the second class should 'be tried for misdemeanor in office

CLXXXIV Cal.—22

in such manner as the legislature may provide.' '' The court there held that the act of 1853, section 4 of which is substantially identical with section 772, was an exercise by the legislature of the power given by the clause last quoted, which is identical with the final clause of section 18 of article IV of the present constitution. The question again arose in *Woods* v. *Varnum,* 85 Cal. 645, [24 Pac. 844]. In that case, after referring to section 18, article IV, of the constitution of 1879, and quoting the last clause, the court said: ''The manner of such a trial is therefore clearly within the power of the legislature, and it is equally clear that the 'summary manner' mentioned in said section 772 of the Penal Code excludes the right of trial by jury.'' These cases would appear to be decisive of the question concerning the constitutionality of the section.

Moreover, the proposition that both sections 772 and 758 of the Penal Code were enacted in pursuance of the authority of section 18, article IV of the constitution is clearly shown by the title and chapter headings of the Penal Code. Part I is devoted to the subject of crimes and punishments; Part II to the subject of criminal procedure. Part I embraces the sections defining crimes and fixing punishment therefor, and ends with section 681. Title II of part II has the subhead: ''Judicial Proceedings for the Removal of Public Officers by Impeachment or Otherwise.'' Chapter 1 of this title is headed ''Impeachments,'' and prescribes the procedure for impeachments by the assembly before the senate for the officers first mentioned in the constitutional provision. Chapter 2 has the subhead, ''Removal of Civil Officers Otherwise Than by Impeachment.'' Section 772 is the last section of this chapter. Section 758, as we have seen, provides for accusations by the grand jury for the removal of officers, and section 772 provides for such removal upon a verified accusation presented by any person to the superior court. The subheadings relate directly to the language of the constitution and they clearly show that it was that power that the legislature had in mind when enacting these provisions. It is clear from all these provisions that the prosecution of an accusation under section 772 is not an ordinary prosecution for a crime or a public offense.

The contention that the case comes under section 7 of article I of the constitution, providing that ''the right of trial

by jury shall be secured to all, and remain inviolate,'' cannot be maintained.   [7]   It is a settled proposition of law in this state that the right of trial by jury there referred to is the right as it existed at common law, and that it does not secure the right to a trial by jury in any case which was not triable by a jury, as of right, under the common law of England. (*Cassidy* v. *Sullivan*, 64 Cal. 266, [28 Pac. 234]; *Woods* v. *Varnum, supra; Koppkius* v. *Commissioners*, 16 Cal. 253; *Grim* v. *Norris*, 19 Cal. 140, [79 Am. Dec. 206].)   The general principle applicable has been thus stated: ''Unless expressly prohibited by the constitution, the legislature may without violating the right to trial by jury provide a summary mode of procedure for the removal of public officers for incompetency or misdemeanor in office.''   (24 Cyc. 135.) It is clear, therefore, that under our constitution, which not only contains no provision forbidding the denial of jury trial in such cases but expressly authorizes the legislature to provide for the trial thereof in any manner it chooses, the fact that a jury trial is not provided does not render the section unconstitutional.

The petitioner cites *Ryan* v. *Johnson*, 5 Cal. 87, claiming that it holds that a jury trial must be allowed in cases of this character, and that *Woods* v. *Varnum, supra*, which holds that a jury trial is not allowed, should be overruled. *Ryan* v. *Johnson* is not in conflict with *Woods* v. *Varnum*, nor with the views we have above expressed.   The court was there considering an accusation under section 4 of the act of 1853 (Stats. 1853, p. 40), providing for the removal of civil officers upon a complaint filed by any person, which was to be heard ''in a summary manner.''   The section is substantially the same as section 772.   But section 6 of that act provided that the rules of practice in proceedings under the act should be the same as in civil cases under the Practice Act. The Practice Act (sec. 155) [Stats. 1851, p. 74] provided that all civil cases should be tried by a jury.   There were no exceptions as now provided by the code.   (Code Civ. Proc., sec. 592.)   To the objection that the act was unconstitutional because it denied the right of trial by jury to a person accused, the court merely said that ''the defendant may, by virtue of the last section of the act (sec. 6) have a jury trial, as well in that as any other action.''   The court was not discussing the effect of the constitution at all, but

was merely calling attention to the fact that the statute itself provided for a jury trial, so that the question whether it was in violation of the constitution on that point could not arise. We may add that if the point had been directly decided there, as petitioner claims, we are convinced, from the reasons which we have set forth, that that case should itself be over-ruled rather than *Woods* v. *Varnum, supra.*

We attach no importance to the statement in *Kilburn* v. *Law,* 111 Cal. 240, [43 Pac. 616], that a proceeding under section 772 is a proceeding "for the punishment of an offense in its nature criminal," and is "a criminal prosecution," or to the statement *In re Curtis,* 108 Cal. 662, [41 Pac. 793], that it "is a criminal prosecution in the nature of an impeachment," and similar statements in *Wheeler* v. *Donnell,* 110 Cal. 656, [43 Pac. 1], and *Thurston* v. *Clark,* 107 Cal. 289, [40 Pac. 435]. They have no bearing upon the argument relating to the right to a jury trial. Doubtless it is of the character there stated. But as the constitution expressly declares that such misdemeanors in office shall be tried in such manner as the legislature may provide, the question whether it is a prosecution for a public offense is not determinative of the right to a jury trial. If it is a public offense, or a criminal prosecution, it is one of a class which the constitution itself authorizes to be tried without a jury if the legislature shall so declare.

In so far as anything said in the opinion in *Fitch* v. *Board of Supervisors,* 122 Cal. 288, [54 Pac. 901], may be inconsistent with what we have said on this subject, or may indicate that the legislature could not authorize a private person to begin the proceeding, we disapprove of that opinion.

[8] Petitioner also suggests that section 772 authorizes an accusation against a county officer in the superior court of any county in the state, whereas an accusation under section 758 cannot be presented or tried in any other county than that which the accused officer serves, and this, it is argued, somehow deprives such accused officer of the equal protection of the law, contrary to the constitution of the United States. Under the terms of the section the accused must be an "officer within the jurisdiction of the court." The word "jurisdiction," in the connection used in the phrase quoted, means the local jurisdiction, that is, the county. It does not refer to the power of the court to issue

"process" to all parts of the state, given by section 5, article VI of the constitution. It follows that an accusation to the superior court of one county against an officer of another county could not be maintained, unless brought there by a change of venue. There is, therefore, no basis for the argument on this point. It may be that an accusation against a "district" officer, if there are any such, could be brought in any county within the district if the district embraced more than one county. This would seem to be the effect of section 889 in its application to sections 758 and 772. (*Kilburn* v. *Law, supra.*) This question is not here involved.

[9] Discrimination is also predicated in the argument upon the fact that upon an accusation by the grand jury under section 758 no judgment for money can be given, whereas when the accusation is made by a citizen under section 772, judgment must be entered for five hundred dollars in favor of the accuser. The difference in this respect, however, is justified by the difference in the two methods of procedure provided. The legislature had the power to provide more than one method. The grand jury is an official body organized and charged with the duty of inquiring into willful or corrupt misconduct of public officers (Pen. Code, sec. 923) and generally to examine into the affairs of the county (Pen. Code, sec. 928), and it is authorized to bring accusations against officers for their removal under section 758. But that body might fail in its duty, and as it is to the interest of the state that incompetent, negligent, or extortionate officers should not continue in office, the legislature provided for removal upon an accusation by any citizen, and deemed it wise to reward the accuser in such case at the expense of the guilty officer, the purpose being doubtless to stimulate activity on the part of citizens and compensate the accuser in some manner for his trouble and expense on behalf of the public. We perceive no usurpation of power nor any unlawful discrimination nor anything contrary to any constitutional limitation in that provision. "A judgment imposing a fine, which in whole or in part shall go to the informer, is not such an anomaly in criminal practice as to require discussion." (*Kilburn* v. *Law*, 111 Cal. 241, [43 Pac. 617].)

[10] Another objection is based on section 20 of article VI of the constitution, providing that, "The style of all process shall be 'The People of the State of California,' and all

prosecutions shall be conducted in their names and by their authority.''

The document verified by Dodge and filed as an accusation and upon which the superior court assumed jurisdiction is entitled ''Jonathan S. Dodge versus John C. Cline, Sheriff of the County of Los Angeles, State of California.'' The claim is that the title should have been, ''The People of the State of California, on the Accusation of Jonathan S. Dodge versus John C. Cline, Sheriff,'' etc., or in some similar fashion. In every case which we have so far cited in which such an accusation was involved the cause was entitled in the same manner as the accusation in the present case. Nevertheless, we believe that the contention of the petitioner is correct. The case is a prosecution of a criminal nature and the constitution requires that all prosecutions shall be in the name of the people of the state. (See *Kilburn* v. *Law, supra.*) The section itself is silent on the subject. But we are at a loss to perceive how this defect in the title affects the jurisdiction of the court. Jurisdiction of the subject matter of such an accusation is given by section 772, beyond any doubt. We know of no authority, and none is cited, to the effect that it is essential to the jurisdiction of the court that the cause of which it assumes jurisdiction shall be set forth in a pleading having a correct title. Such a defect or misprision is of the kind that is deemed amendable and is not jurisdictonal. At common law the caption of an indictment could be amended. (1 Ency. of Pl. & Pr. 537, and note; *State* v. *Creight,* 1 Brev. 169.) It is well settled that an information is amendable in matters of form. (1 Bishop on Criminal Procedure, sec. 714.) An information will not be quashed for a defect in the title. (*Malone* v. *State,* 14 Ind. 219.) Our constitution now declares that no judgment shall be reversed for any defect in the pleading. The public policy thus declared is that no formal defects which do not go to the merits of the case shall be considered fatal to the jurisdiction of the court or to the validity of the judgment. The document itself sets forth every fact necessary to show the nature of the accusation against the petitioner and to bring the case within the scope of section 772. The defect in the title may be at any time amended on leave of the court if objection thereto is made. We do not think it deprives the court of jurisdiction. We find no ground upon which

to sustain petitioner in his attack on the jurisdiction of the court.

The application for a writ is denied.

Wilbur, J., Olney, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.

Mr. Justice Sloane, having participated in the decision of this cause in the district court of appeal, declined to act herein.

Rehearing denied.

All the Justices concurred.