BISHOP, J.
 

 We are of the opinion that an appeal is not authorized from either of the orders of which complaint is made. Each order purported to grant a new trial in a proceeding to determine title where a third party claim had been made. The orders differ in that the one in the first case,
 
 Misrach
 
 v.
 
 Liederman,
 
 was made before the 1935 amendments to the Code of Civil Procedure had become effective, while all the proceedings in
 
 Spiegelman
 
 v.
 
 Bowlus
 
 were under the code provisions as they now appear. We are considering these appeals together because they present a common problem and in spite of their differing genealogy each requires the same solution, viz., the dismissal of the appeal.
 

 Section 983 of the Code of Civil Procedure, governing appeals from municipal courts, now authorizes an appeal “from an order granting a new trial ... in an action or proceeding where a trial by jury is a matter of right”. We have heretofore held that this section, before the 1935 amendments, should, with respect to an order granting a new trial, be understood as it now reads.
 
 (Treiman
 
 v.
 
 Kennon,
 
 (1934) 139 Cal. App. (Supp.) 796 [30 Pac. (2d) 636].) It is apparent, therefore, that unless in the proceedings which gave rise to the orders appealed from, jury trials were “a matter of right”, the appeals must be dismissed. See, applying an identical code provision respecting appeals from superior court orders,
 
 Bettencourt
 
 v.
 
 Bank of Italy Nat. T. & S. Assn.,
 
 (1932) 216 Cal. 174 [13 Pac. (2d) 659];
 
 *Supp. 759
 

 Mitchell
 
 v.
 
 Rasey,
 
 (1934) 139 Cal. App. 350, 353 [33 Pac. (2d) 1056].
 

 Section 689 of the Code of Civil Procedure, which prescribes the proceedings by which a hearing is had on a third party claim, did not mention the matter of a trial by jury, before its amendment in 1935, and now serves only as a cross-reference to us, for it reads: “Nothing herein contained shall be construed to deprive any party of the right to a jury trial in any case where, by the Constitution, such right is given.”
 

 Our state Constitution of 1849 provided, in article I, section 3, and our present state Constitution, article I, section 7, provides, simply, “The right of trial by jury shall be secured to all, and remain inviolate”; “forever”, the earlier Constitution added. Repeatedly it has been held, as stated in
 
 Koppikus
 
 v.
 
 State Capitol Commrs.,
 
 (1860) 16 Cal. 248, 253, 254, in language from which quotations are frequently made:
 

 “The provision of the Constitution, that ‘the right of trial by jury shall be secured to all, and remain inviolate forever’, applies only to civil and criminal cases in which an issue of fact is joined. The language was used with reference to the right as it exists at common law. It is true, that the civil law was in force in this State at the time of the adoption of the Constitution, but its framers were, with few exceptions, from States where the common law prevails, and where the language used has a well-defined meaning. The people who, by their votes, adopted the Constitution, at least a vast majority of them, were also from countries where the common law is in force, and they looked upon the right secured as the right there known and there held inviolate. It is in this common-law sense that the language has always been regarded by the Courts of this State. It is a right ‘secured to all’, and ‘inviolate forever’, in cases in which it is exercised in the administration of justice according to the course of the common law, as that law is understood in the several States of the Union. It is a right, therefore, which can only be claimed in actions at law, or criminal actions, where an issue of fact is made by the pleadings. It cannot be claimed in equity cases, unless such issue be specially framed for a jury under the direction of the Court. It cannot be asserted upon an issue at law, for that is a
 
 *Supp. 760
 
 matter purely for the Court. The fact, therefore, that property and rights of property may be involved in the disposition of a particular case or proceeding, does not determine the right to a trial by jury. There must be an action at lav?, as contradistinguished from a suit in equity, and from a special' proceeding, or a criminal action, and an issue of fact joined therein upon the pleadings, before a jury trial can be claimed as a constitutional right.”
 

 We find the following cases applying the principles thus declared and reaching the conclusion that because the action or special proceeding was one where, at common law, a jury trial was not a matter of right, it was not made a matter of right by our Constitution:
 
 Grim
 
 v.
 
 Norris,
 
 (1861) 19 Cal. 140 [79 Am. Dec. 206] (equity);
 
 People
 
 v.
 
 Blake,
 
 (1862) 19 Cal. 579 (eminent
 
 domain); Cassidy
 
 v.
 
 Sullivan,
 
 (1883) 64 Cal. 266 [28 Pac. 234] (divorce);
 
 In re Estate of Moore,
 
 (1887) 72 Cal. 335 [13 Pac. 880] (probate);
 
 In re Wharton,
 
 (1896) 114 Cal. 367 [46 Pac. 172, 55 Am. St. Rep. 72] (disbarment);
 
 Matter of Coburn,
 
 (1913) 165 Cal. 202 [131 Pac. 352] (to declare incompetent);
 
 Vallejo
 
 &
 
 N. R. Co.
 
 v.
 
 Reed Orchard Co.,
 
 (1915) 169 Cal. 545, 556 [147 Pac. 238] (condemnation);
 
 Cline
 
 v.
 
 Superior Court,
 
 (1920) 184 Cal. 331 [193 Pac. 929] (removal of
 
 officer); In re Liggett,
 
 (1921) 187 Cal. 428, 202 Pac. 660] (to declare narcotic addict);
 
 In re Daedler,
 
 (1924) 194 Cal. 320 [228 Pac. 467] (to declare ward of court);
 
 Ex parte O’Connor,
 
 (1915) 29 Cal. App. 225 [155 Pac. 115] (to declare insane);
 
 In re Bundy,
 
 (1919) 44 Cal. App. 466 [186 Pac. 811] (to declare incompetent)
 
 ; Gregory
 
 v.
 
 Hecke,
 
 (1925) 73 Cal. App. 268 [238 Pac. 787] (to revoke license);
 
 Hutchinson
 
 v.
 
 Reclamation Dist. No. 1619,
 
 (1927) 81 Cal. App. 427 [254 Pac. 606] (mandamus).
 

 Since the amendments of 1935, the steps to be taken respecting a hearing on the question of title to property either attached or levied upon and claimed by a third party have been rather fully described by section 689 of our Code of Civil Procedure. The following provisions quoted from the section reveal the nature of the proceeding: “Whenever a verified third party claim is delivered to the officer as herein provided . . . the plaintiff or . . . the third party claimant, . . . shall be entitled to a hearing in the court in which the action is pending . . . for the purpose of deter
 
 *Supp. 761
 
 mining title to the property in question. Such hearing must be granted by the said court upon petition therefor, which must be filed within ten days after the delivery of the third party claim to the officer. Such hearing must be had within twenty days from the filing of such petition, unless continued as herein provided. Ten days’ notice of such hearing must be given to the officer, to the plaintiff or the person in whose favor the writ runs, and to the third party claimant, or their attorneys, which notice must specify that the hearing is for the purpose of determining title to the property in
 
 question;
 
 ... At the hearing had for the purpose of determining title, the third party claimant shall have the burden of proof. The third party claim delivered to the officer shall be filed by him with the court and shall constitute the pleading of such third party claimant, subject to the power of the court to permit an amendment in the interests of justice, and it shall be deemed controverted by the plaintiff or other person in whose favor the writ runs. No findings shall be required in any proceedings under this section. At the conclusion of the hearing the court shall give judgment determining the title to the property in question, which shall be conclusive as to the right of the -plaintiff, or other person in whose favor the writ runs, to have said property taken, or held, by the officer and to subject said property to payment or other satisfaction of his judgment. In such judgment the court may make all proper orders for the disposition of such property or the proceeds thereof.” The 1935 amendments, in the main, made explicit in the section that which had before been implicit, and in no way changed the fundamental character of the proceeding. From the viewpoint of the third party claimant, it had and has some of the characteristics of an action in replevin, but it is not a replevin action. Measured by the relief the hearing affords the plaintiff, it resembles a creditor’s bill in equity, but it was and is not. It was before the amendments, as now, a special proceeding created by statute, ancillary to a pending action and in aid of the remedy afforded by an attachment or writ of execution.
 

 It is not seriously urged that the hearing on a third party claim prescribed either before or since the effective date of the 1935 amendments is one to which, at common law, a trial by jury was attached. It is true that early in the history
 
 *Supp. 762
 
 of this state a distant relative of our present proceeding was known and one of its characteristics was the use of a jury. See sections 131 and 218 of the Practice Act. (Stats. 1851, Second Session.) This proceeding, however, with its jury of six, selected and presided over by the sheriff himself, was not recognized as a judicial proceeding.
 
 (Perkins
 
 v.
 
 Thornburgh,
 
 (1858) 10 Cal. 189, and see
 
 Duncan
 
 v.
 
 Superior Court,
 
 (1930) 104 Cal. App. 218, 220 [285 Pac. 732].) Clearly its preexistence does not support the conclusion that a jury trial is a matter of right in proceedings taken pursuant to the provision of section 689 of the Code of Civil Procedure.
 

 A search among authorities elsewhere raises no doubt as to the correctness of our conclusion. We either find no procedure approaching ours or it is governed by a statute providing for a jury of some sort. For example, note
 
 Schell
 
 v.
 
 Husenstine,
 
 (1883) 15 Neb. 9 [16 N. W. 758], The statement in
 
 Jarecki Mfg. Co.
 
 v.
 
 Fleming,
 
 (1934) 170 Okl. 70 [38 Pac. (2d) 925, 928], that “A third party claiming either real or personal property levied upon might be entitled to a jury trial upon the question of his right and title to the property” was unsupported by authority and was plainly
 
 dictum,
 
 as shown by the sentence which followed: “But we have no such condition here.”
 

 The case of
 
 McMahan
 
 v.
 
 Works,
 
 (1880) 72 Ind. 19, is readily to be distinguished. Not only was the procedure there involved based upon a code provision bearing resemblance not to our section 689, Code of Civil Procedure, but rather to our section 717, Code of Civil Procedure, authorizing the examination of debtors of judgment debtors, but, possibly by judicial legislation, the proceedings had been developed into what was virtually a creditor’s bill, an action which because of its equitable nature would not, in this state, carry with it the right to a jury trial.
 

 Considered as orders granting new trials, therefore, the orders are not appealable. Because of the possibility that there is no authority for the granting of a new trial in a proceeding on a third party claim (we have noted
 
 Nelson
 
 v.
 
 Superior Court,
 
 (1936)
 
 ante,
 
 p. 44, [57 Pac. (2d) 1351), the thought has occurred to us that, if these orders are unauthorized as orders granting new trials, they should be considered simply as special orders made after final judg
 
 *Supp. 763
 
 meats, and hence appealable under section 983 of the Code of Civil Procedure. The case of
 
 Diamond
 
 v.
 
 Superior Court,
 
 (1922) 189 Cal. 732, 739 [210 Pac. 36], stands in the way of such a conclusion, holding, as it does, that
 
 certiorari
 
 and not appeal is the proper remedy for an unauthorized granting of a new trial. We also find
 
 Stanton
 
 v.
 
 Superior Court,
 
 (1927) 202 Cal. 478, 489 [261 Pac. 1001], and
 
 Delmuto
 
 v.
 
 Superior Court,
 
 (1932) 119 Cal. App. 590, 595 [6 Pac. (2d) 1007], apparently holding that such unauthorized orders are to be annulled by
 
 certiorari;
 
 an appeal will not lie. (See, also,
 
 Casgrave
 
 v.
 
 Howland,
 
 (1864) 24 Cal. 457, 458.)
 

 The appeals are, accordingly, dismissed. Respondents to have their respective costs on appeal.
 

 Shaw, P. J., concurred.